IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUADALUPE LOPEZ, | * | |
|     PLAINTIFF, | * | |
| | * | |
| vs. | * | |
| | * | CAUSE NO. B-95-69 |
| CAMERON COUNTY, TEXAS, | * | |
| ALEX PEREZ, | * | |
| INDIVIDUALLY AND IN HIS | * | |
| CAPACITY AS THE SHERIFF OF | * | A JURY IS DEMANDED |
| CAMERON COUNTY, CHIEF JOE | * | |
| ELIZARDI, INDIVIDUALLY AND | * | |
| IN HIS OFFICIAL CAPACITY AS | * | |
| CHIEF JAILER OF THE | * | |
| CAMERON COUNTY JAIL, AND | * | |
| ANTONIO VALLEJO, JR., | * | |
| INDIVIDUALLY AND IN HIS | * | |
| OFFICIAL CAPACITY AS A PAID | * | |
| INFORMANT OF THE CAMERON | * | |
| COUNTY SHERIFFS DEPARTMENT, | * | |
|     DEFENDANTS, | * | |

*United States District Court*
*Southern District of Texas*
*FILED*
*MAY 09 1995*
*Michael N. Milby, Clerk*

## PLAINTIFF'S ORIGINAL COMPLAINT

### Introductory Statement

1.    This is an action for damages sustained by a citizen of the United States against Cameron County, Texas (sometimes referred to herein as "the County"). Alex Perez (sometimes referred to herein as "the Sheriff), individually and in his capacity as Sheriff of Cameron County, Joe Elizardi (sometimes referred to herein as "Elizardi"), individually and in his official capacity as Chief Jailer of the Cameron County Jail, and Antonio Vallejo, Jr. (sometimes referred to herein as "Vallejo"), individually and in his official capacity as a paid informant of the Cameron County Sheriffs Department. The aforementioned persons and/or entities are the defendants and are sometimes

referred to herein collectively as "the defendants".

2.     This case concerns the treatment of plaintiff at the hands of defendants during his tenure as an employee of the Cameron County Sheriffs Department.  Defendants in this case unlawfully engaged in a course of gross and outrageous governmental conduct in a misguided effort to terminate plaintiff, inflict severe emotional distress upon plaintiff and smear plaintiffs good name and reputation in the community.

## Jurisdiction

3.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 as well as certain Texas common law causes of action.

4.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1343(a)(3), (4) and 1331. This Court has jurisdiction over plaintiffs state law claims pursuant to 28 U.S.C. § 1367(a).

## Parties

5.     Plaintiff Guadalupe Lopez is, and at all times material hereto was, a resident of Cameron County, Texas, and a citizen of the United States.

6.     Defendant Cameron County, Texas is a body politic duly organized and existing under the laws of the State of Texas.  The County can be served with process by serving the Hon. Gilberto Hinojosa, 964 E. Harrison, Brownsville, Texas, 78520.

7.     Defendant Alex Perez is an individual and is the Sheriff of Cameron County, Texas.  Perez is being sued in his individual and official capacities and may be served with process by serving Alex Perez, Sheriff of Cameron County, 954 E. Harrison, Brownsville, Texas, 78520.

8.     Defendant Joe Elizardi is an individual and is the Chief Jailer of the Cameron County Jail. Elizardi is being sued in his individual and official capacities and may be served with process by

serving Joe Elizardi, Chief Jailer, 954 E. Harrison, Brownsville, Texas.

9. Defendant Antonio Vallejo, Jr. is an individual and is also a paid informant of the Cameron County Sheriffs Department. Vallejo is being sued in his individual and official capacities. Diligent efforts to locate Vallejo for purposes of service of process have been unsuccessful. Thus, service may not be effectuated at this point in time. Plaintiff requests that appropriate service be made upon this defendant at the time his whereabouts become known.

## **Factual Allegations**

10. On or about May 11,1993, plaintiff was employed as a guard at the Cameron County Jail. Plaintiff had been employed as a guard since on or about August 5,1992. Plaintiff had served in this capacity without incident until May 11, 1993.

11. As plaintiff was going on shift on May 11,1995, he was confronted by Elizardi and accused of smuggling marijuana into the Cameron County Jail. Plaintiff protested his innocence and offered to take a polygraph test. This offer was refused.

12. Plaintiff was subsequently fired and forced to face criminal charges. After trail, plaintiff was found innocent of any wrongdoing by a jury of his peers. The main witnesses for the prosecution at trail were defendants Elizardi and Vallejo.

13. Based on sworn testimony adduced at trial, Elizardi, without conducting anything even remotely approaching a valid investigation, accepted the declarations of a convicted felon, Vallejo, and embarked upon a series of actions constituting gross and outrageous governmental conduct. Approached by Vallejo "out of the blue", Elizardi gave Vallejo marijuana from Elizardi's desk drawer and a sum of money in excess of two-hundred dollars to initiate a "bust" of plaintiff. At no time did Elizardi ever have a basis for believing that plaintiff would ever commit a criminal act. In

PLAINTIFF'S ORIGINAL PETITION                                                                                   3

fact, Elizardi had every reason to believe plaintiff would not commit such an act as plaintiff had been an exemplary employee and many members of plaintiff's family were in law enforcement, including serving as ranking officers in the Cameron County Sheriffs department.

14. Deliberately indifferent to the information available to him, Elizardi hired Vallejo to "set up" plaintiff as an unwitting courier of marijuana. At all times relevant hereto, Elizardi was aware of but remained deliberately indifferent to Vallejo's criminal past and reputation. Elizardi cavalierly used monies available to him through a slush fund called "Fund `90" to pay Vallejo. Vallejo knew that this payment was for the purpose of successfully "setting up" plaintiff. Thus, on the evening of May 11, 1993, plaintiff was innocently handed a pack of cigarettes (and unknown to Plaintiff that marijuana was also contained therein) to deliver to an inmate in the Cameron County Jail. Knowing that such a delivery would constitute a violation of Jail rules and of State law, plaintiff dutifully threw the pack of cigarettes into the trash. Subsequently, plaintiff was confronted with the discarded pack of cigarettes and informed that he was being charged with delivery of marijuana into the Jail. At no time did Perez properly supervise Elizardi nor properly train Elizardi to engage in investigative procedures. At no time was plaintiff permitted to defend his continued employment with the Cameron County Sheriffs Department.

15. Plaintiff alleges that the foregoing acts and omissions of defendants are propensities and behaviors known to defendants and defendants have engaged in a policy and/or custom of deliberate indifference to the constitutional rights of plaintiff by failing to train defendants and defendants' personnel to ensure that plaintiffs rights are not violated.

16. Plaintiff alleges that in committing the foregoing acts and omissions, the defendants have acted under color of state law to deprive plaintiff of his constitutional rights.

17. Plaintiff alleges that defendants have engaged in a custom and/or policy of gross governmental misconduct resulting in violations of plaintiffs constitutional rights and/or have tolerated as institutionalized practices and ratified the misconduct hereinbefore detailed by;

   a) failing to train and supervise defendants and defendants' employees as to the proper procedures for conducting internal investigations and undercover operations;

   b) failing to adequately train and supervise defendants and defendants' employees as to the proper procedures for conducting internal investigations and undercover operations;

   c) failing to take adequate precautions in the hiring, promotion and retention of personnel including defendants Elizardi and Vallejo;

   d) failing to establish and/or assure the functioning of a bona fide departmental training program to train defendants and defendants' employees in appropriate procedures for conducting internal affairs investigations and undercover operations;

   e) failing to establish and/or assure the functioning of a bona fide departmental system for dealing with allegations of employee misconduct and reinstatement.

18. Defendants knew to a moral certainty that they would encounter instances of alleged employee misconduct and have in fact encountered such instances in the past. Thus, the need for defendants to train themselves and their employees is so obvious that defendants' failure to do so constitutes deliberate indifference.

19. Defendants' actions and omissions constitute the wrongful termination of plaintiff.

20. As a consequence of the aforementioned acts and omissions of defendants, plaintiff has suffered damages as more fully set forth below.

## Federal Causes of Action

21. The allegations set forth in paragraphs 5 through 20 above are incorporated herein by reference and realleged.

22. The hereinabove described acts and omissions, engaged in under color of state law by the defendants, including Perez and Elizardi, responsible because of their authorization, condonation and ratification thereof for the acts and omissions of their agents, deprive plaintiff of rights secured to him by the Constitution of the United States including but not limited to his rights to due process of law and to be free from gross and outrageous governmental conduct.

23. The violations of the aforementioned Constitutional rights of plaintiff, engaged in by defendants while acting under color of state law, constitute violations of 42 U.S.C. §1983 and have resulted in plaintiffs damages, damages he has and continues to suffer, as more fully set forth below. In addition, defendants' acts and omissions rise to the level of wantonness and reckless disregard required to permit the trier of fact to impose punitive damages.

## Supplemental Causes or Action

24. The allegations contained in paragraphs 5 through 20 above are incorporated herein by reference and realleged. The actions and omissions of defendants constitute the intentional infliction of emotional distress. The actions and omissions were extreme and outrageous and were the proximate cause of damages suffered by plaintiff as more hilly set forth below. Exemplary damages are appropriate for the commission of this tort because defendants' acts and omissions rise to the level of wantonness and reckless disregard required to permit the trier of fact to impose punitive damages.

25. The acts and/or omissions of defendants' actions and omissions constitute wrongful

termination. As a result of defendants' breaches, plaintiff has suffered and continues to suffer damages as set forth more fully below. Exemplary damages are appropriate for the commission of this tort because defendants' acts and omissions rise to the level of wantonness and reckless disregard required to permit the trier of fact to impose punitive damages.

26. Defendants acts and omissions constitute defamation. As a result of defendants' breaches, plaintiff has suffered and continues to suffer damages as set forth more hilly below. Exemplary damages are appropriate for the commission of this tort because defendants' acts and omissions rise to the level of Wantonness and reckless disregard required to permit the trier of fact to impose punitive damages.

28. Under the Texas Tort Claims Act, defendants have misused personalty, namely marijuana and currency, and as a result of this misuse, plaintiff has suffered and continues to suffer damages as set forth more fully below. Exemplary damages are appropriate for the commission of this tort because defendants' acts and omissions rise to the level of wantonness and reckless disregard required to permit the trier of fact to impose punitive damages. Defendants have actual knowledge of the facts contained herein and thus the notice requirement of the Texas Tort Claims Act has been satisfied.

### Damages

29. As a result of the acts and omissions of defendants, plaintiff has suffered the following damages:

   a)   lost wages;

   b)   extreme emotional distress and mental anguish;

   c)   loss of reputation and good name.

PLAINTIFF'S ORIGINAL PETITION                                                                 7

## Prayer

Wherefore, plaintiff, Guadalupe Lopez, prays that he be granted the following relief, jointly and severally, against all defendants in their various capacities:

a)  Compensatory damages in the amount of $500,000.00;

b)  Punitive damages in an amount deemed appropriate by the trier of fact;

c)  Reasonable attorney's fees as provided for under 42 U.S.C. § 1988;

d)  Pre and post judgment interest;

e)  Such other and further relief as this Court may deem appropriate under the circumstances.

Respectfully Submitted,

*Erik R Sunde, by Ben Neary w/ permission*

ERIK R. SUNDE
ATTORNEY-IN-CHARGE
FEDERAL I.D. NO. 16369
TX. BAR NO. 00785523
301 W. CLAY
HOUSTON, TEXAS 77019
(713) 942-2039 PHONE

PLAINTIFF'S ORIGINAL PETITION                                          8