IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 1 1995

Michael N. Milby, Clerk

| | | |
|---|---|---|
| GUADALUPE LOPEZ, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. B-95-69 |
| | ) | |
| CAMERON COUNTY, TEXAS; ALEX | ) | JURY DEMANDED |
| PEREZ, individually and in his official | ) | |
| capacity as Sheriff; JOE ELIZARDI, | ) | |
| individually and in his official capacity | ) | |
| as Chief Jailer; and, ANTONIO VALLEJO, | ) | |
| individually and in his official capacity | ) | |
| as a paid informant, | ) | |
| Defendants. | ) | |

RULE 12 (b) (1) AND 12 (b) (6)
MOTION TO DISMISS
OF
CAMERON COUNTY, ALEX PEREZ AND JOE ELIZARDI

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Cameron County, Alex Perez, and Joe Elizardi ( in their official and individual capacities) move the Court to dismiss this action because it appears from the face of Plaintiff's Original Complaint and from the allegations therein that this Court lacks subject matter jurisdiction and that such Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, these Defendants pray this case be dismissed with prejudice to the refiling of the same

MEMORANDUM SUPPORTING
DEFENDANTS' MOTION TO DISMISS

**Rule 12 (b) (1), Lack Of Subject Matter Jurisdiction:** This Court has the power to

1

Case 1:95-cv-00069    Document 5    Filed in TXSD on 06/01/1995    Page 2 of 7


dismiss for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). "It is well-settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hartle v. Packard Elec.*, 877 F.2d 354, 355 (5th Cir. 1989). A review of Plaintiff's Original Petition reveals neither allegation of or citation to any specific federal constitutional or federal statutory violation nor allegation of facts that satisfy jurisdictional requirements. See, *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980).

Plaintiff's factual allegations culminate in Paragraph 19 of the Complaint that: "Defendants' actions and omissions constitute the wrongful termination of plaintiff." Paragraph 22 of the Complaint contains the only reference to a specific constitutional provision and that is that plaintiff has been deprived of "...his rights to due process of law...." There is neither allegation of first amendment or statutory retaliatory discharge nor could there be under the facts set forth in the Complaint. And there is no allegation of fact that supports a conclusion that a denial of due process caused the alleged "wrongful discharge". "To prevail on a claim of deprivation of employment without due process of law, plaintiff must show that he had a cognizable property interest in his continued employment and that the process he was afforded was insufficient to protect that interest." *Garcia v Reeves County*, 32 F.3d 200, 203 (5th Cir. 1994).

Plaintiff's claims do not arise under the laws of the United States. Therefore, there is no federal jurisdiction under 28 U.S.C. Section 1331. Plaintiff's claims do not state a civil rights

2

violation.  Therefore, there is no federal jurisdiction under 28 U.S.C. Sections 1343 (a) (3) or (4).

**Rule 12 (b) (6) Failure To State A Claim:**  Plaintiff was terminated as a jail guard. Plaintiff was an "at will" employee.  Plaintiff has not alleged any fact that would make such termination "wrongful" under the laws of Texas or the United States.

"Texas law gives sheriffs, and other elected county officials, virtually unbridled authority in hiring and firing their employees." *Irby v Sullivan,* 737 F.2d 1418, 1421 (5th Cir. 1984). "[S]heriff's deputies serve 'during the pleasure' of the sheriff.  'It follows that deputy sheriffs have no legal entitlement to their jobs as public employees; the sheriff may fire them for many reasons or for no articulable reason at all'". *id* at 1422   And, there is no distinction between deputies and other employees of a Texas sheriff's department; all employees serve at the pleasure of the Sheriff. See, *Garcia v Reeves County, supra,* at 203.

Plaintiff has not alleged any fact to establish entitlement to due process related to his termination from employment with Cameron County.  Plaintiff has made no allegation that would make his termination "wrongful" under the United States or Texas Constitutions or statutes.

**Section 1367 Pendent Jurisdiction:**

"In order for the district court to exercise pendent jurisdiction over a state law claim not otherwise cognizable in federal court, the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.' [Citations omitted.]  Even when these two criteria are satisfied, thus establishing the power to exercise pendent jurisdiction, the decision whether to exercise pendent jurisdiction is within the discretion of the trial judge." *Jackson v. Stinchcomb,* 635 F.2d 462, 470 (5th Cir. 1981)

If this Court finds it has no subject matter jurisdiction under Rule 12(b)(1), there is  no pendent jurisdiction under 28 U.S.C. Section 1367(a).  See also, *Crefasi v. Louisiana Motor*

3

*Vehicle Commission,* Lexus 14200 (E.D. La. 1994). If this Court finds the Plaintiff has failed to state a claim under Rule 12(b)(6), it would seem at best difficult to find that "...the federal and state claims ... derive from a common nucleus of operative fact." id. That is, if there is not a "nucleus of operative fact[s]" from which to derive a federal claim, how can there be a "common nucleus of operative fact" from which to derive a state and a federal claim. The bottom line here is can the Plaintiff by the use of the words "due process of law" in Paragraph 22 of the Complaint, claim this Court has original jurisdiction from which to exercise discretionary pendent jurisdiction under Section 1367. If so these Defendants urge the Court to decline pendent jurisdiction under Subsections 1367(c)(3) or (4)

**State Law Claims:** If this Court is going to retain and consider the Plaintiff's state law claims they should be dismissed for the following.

In Paragraph 24 of the Complaint Plaintiff alleges intentional infliction of emotional distress. Intentional infliction of emotional distress requires as one of its elements that the conduct was extreme and outrageous *Wornick Co. v. Casas,* 856 S.W.2d 732, 734 (Tex. 1993). In *Wornick* the court defined "outrageous conduct" as

> "...[T]hat which '[goes] beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' [Citation omitted.] It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." id. at 734.

The court after pointing out that "...employees in Texas may be terminated at will and without cause", held: [T]he fact of discharge itself as a matter of law cannot constitute outrageous behavior." id. at 735. See also, *Gillum v. City of Kerrville,* 3 F.3d 117, 122 (5th Cir. 1993), cert. den. 114 S.Ct. 881, _____ U.S._____, 127 L.Ed.2d 76. Plaintiff is not entitled to maintain an

4

action under the facts alleged for intentional infliction of emotional distress.

In Paragraph 25 of the Complaint Plaintiff alleges wrongful termination. For reasons set out under Rule 12(b)(6) above Plaintiff has no Texas state law claim for wrongful termination.

In Paragraph 26 of the Complaint Plaintiff alleges defamation. The Texas limitation period for defamation is one year. V.T.C.A., C P.&R. Code, Section 16.002. See, *Cote v. Rivera*, 894 S.W.2d 536 (Tex.App. -- Austin, 1995). The date of accusation in this case was May 11, 1993. See, Paragraph 11 of Plaintiff's Original Complaint.

> "Under Federal Law, a cause of action accrues when the Plaintiff knows or has reason to know of the injury which is the basis of the action. [Citation omitted.] The statue of limitation therefore begins to run when the Plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury...'" *Gatrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir 1993).

Plaintiff's state cause of action, if any, for defamation ran before filing the Complaint on May 9, 1995.

If the Court finds that the statute of limitation is not a bar, the County, the Sheriff, and the Jail Administrator are immune. In *Gillum v. City of Kerrville, supra,* at 122, the Fifth Circuit stated:

> "We have held that 'defamation of a police officer by city officials in the course of discharging that police officer is protected under the city's governmental immunity and, as an exercise of a governmental function, is not actionable either against the city or the state officials under state slander law.' Rosenstein, 876 F.2d at 397 (citing City of Dallas v. Moreau, 718 S W.2d 776, 779 - 80 (Tex App. -- Corpus Christi 1986, writ N.R.E.)). On this basis, the district court concluded that both the city and its officials are not liable for defamation as a matter of law.
>
> In Moreau, the court found immunity not only for the city but also for its officers who published information concerning a policeman's dismissal from the police force. Id. at 779. After holding that 'appellant city was immune from the libel cause of action by appellee for publishing a letter of discharge as a matter of law,' the court noted, 'this reasoning also applies to the cause of action (if such exists) for appellant's employees' acting without

5

ClibPDF - www.fastio.com

proper motive and without due care and diligence in the performance of their official duties in regard to the act of posting the termination letter on the bulletin board.'"

Thus, if limitations in not a bar, these Defendants are immune from suit for defamation under the facts alleged in Plaintiff's Complaint.

In Paragraph 28 of the Complaint Plaintiff alleges liability under the wording of V.T.C.A., C.P.&R. Code, Section 101 021 (2):

"A governmental unit in the state is liable for:

...

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law."

However, Plaintiff has made no allegation that would make Cameron County liable were it a private person. No intentional infliction of emotional distress. See, above. No wrongful termination See, above And no defamation See, above.

Moreover, there is no waiver of sovereign immunity under the Texas Tort Claims Act for intentional torts. V.T.C.A., C.P.&R. Code, Section 101.057(2). In, *Gillum v. City of Kerrville, supra*, at 123. the Fifth Circuit sustained the district court's dismissal of a police officer's suit for defamation, for wrongful termination, and intentional infliction of emotional distress, among other things stating

"The district court correctly observed that Section 101.057 of the Texas Civil Practices and Remedies Code provides that any limited waiver of sovereign immunity does not apply where the claim arises out of an intentional tort. [Citation omitted.] This provision shields municipalities from suits arising out of intentional torts committed by governmental employees. [citation omitted] and should be liberally construed to accomplish this objective. [Citation omitted.]"

6

There is no waiver of Cameron County's sovereign immunity.

WHEREFORE, Defendants Cameron County, Alex Perez, and Joe Elizardi pray this case

be dismissed with prejudice to the refiling of the same.

Respectfully submitted.

LUIS V. SAENZ
CAMERON COUNTY ATTORNEY
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas  78520

Richard O. Burst
Assistant County Attorney
Texas State Bar #00785586
S.D. No. 15515

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion to Dismiss has been

forwarded via Certified Mail, Return Receipt on this the _1_ day of June, 1995 to:

Mr. Erik R. Sunde
301 W. Clay
Houston, Texas 77019

Richard O. Burst

7