IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 18 1995

Michael N. Milby
Clerk of Court

| | |
|---|---|
| GUADALUPE LOPEZ, § | |
|    PLAINTIFF, § | |
| § | |
| vs. § | |
| § | CAUSE NO. B-95-69 |
| CAMERON COUNTY, TEXAS, § | |
| ALEX PEREZ, § | |
| INDIVIDUALLY AND IN HIS § | |
| CAPACITY AS THE SHERIFF OF § | A JURY IS DEMANDED |
| CAMERON COUNTY, CHIEF JOE § | |
| ELIZARDI, INDIVIDUALLY AND § | |
| IN HIS OFFICIAL CAPACITY AS § | |
| CHIEF JAILER OF THE § | |
| CAMERON COUNTY JAIL, AND § | |
| ANTONIO VALLEJO, JR., § | |
| INDIVIDUALLY AND IN HIS § | |
| OFFICIAL CAPACITY AS A PAID § | |
| INFORMANT OF THE CAMERON § | |
| COUNTY SHERIFF'S DEPARTMENT, § | |
|    DEFENDANTS. § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the above-named Plaintiff and files this his Response to Defendants' Motion to Dismiss and in support thereof would show as follows:

I.

Defendants assert in their motion to dismiss that Plaintiff does not have a vested property right and thus this Court should dismiss this action. Defendants' assertion requires reference to matters outside the pleadings. In their Memorandum Supporting Defendants' Motion to

is a matter of semantics. In short, Plaintiff has alleged that the acts and omissions of Defendants caused his rights to be violated.

Finally, Defendants seem to ignore completely Plaitniff's allegation that the gross and outrageous government conduct engaged in by Defendants resulted in a deprivation of his rights. Substantive due process protects against actions of the government that are arbitrary, conscience-shocking or oppressive. See Ayeni v. Mottola, 35 F.3d 680, 691 (2d Cir. 1994). Plaintiff has clearly alleged precisely such governmental conduct and Defendants have failed entirely to address this issue. basis for the dismissal be found in the complaint, this Court should deny defendants' motion as it relates to the Section 1983 cause of action.[1]

II.

Defendants additionally contend that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted. Defendants cite the case of Irby v Sullivan, 737 F.2d 1418, 1421 (5th Cir. 1984), for the proposition that Plaintiff was an "at will" employee of Defendants. Additionally, Defendants cite the case Garcia v. Reeves County, 32 F.3d 200, 203 (5th Cir. 1994) for the proposition that there is no difference between sheriff's deputies and other employees of a Sheriff's department. Assuming, arguendo, the correctness of these propositions, they do not in any way relate to Plaitniff's claims of gross and outrageous governmental conduct. Again, Defendants simply ignore these allegations.

Moreover, it is well established that where there exists a civil service commission or other similar body before which review of matters such as termination may be brought, a

---

[1] At Defendants' request, Plaintiff agreed to postpone discovery until this Court ruled on Defendants' Motion to Dismiss. After discovery has been conducted, should defendants believe the facts support their contention, Defendants are free to file a motion for summary judgment.

procedural due process violation may be found. See Davis v. Passman, 442 U.S. 228 (1979). Because such an entity exists for employees of Defendants, Plaintiff may seek redress through an action for denial of due process.

### III.

Defendants assert, for the first time in their memorandum, that this Court would lack "pendant" jurisdiction in the event Plaintiff's federal claims are dismissed. Defendants do not raise this issue in their motion and thus it has not been properly presented to this Court. Even were this Court to consider this assertion, Defendants have apparently failed to consider the fact that the doctrine of "pendant" jurisdiction, now "ancillary" jurisdiction, is permissive. The Defendants cite the pre-amendment case of Jackson v. Stinchcomb, 635 F.2d 462, 470 (5th Cir. 1981) which, because it is pre-amendment, is inapplicable to Plaitniff's complaint.

### IV.

Finally, Defendants assert that Plaitniff's state law claims are without merit. Again, Defendants have not raised this issue in their motion and do so only in their memorandum. Because they have failed to raise this issue in their motion, the issue of Plaintiff's state law claims is not properly before this Court. Even were this Court to conclude these matters are properly before it, Defendants assertions are lacking in merit.

Defendants assert that Plaintiff's claims of intentional infliction of emotional distress should be dismissed because a termination in and of itself fails to raise to the level of extreme and outrageous behavior. Again, Defendants do not raise this issue in their motion and thus this matter is not properly before this Court. Even were this Court to consider this matter, Defendants wholly ignore the bulk of the allegations concerning Defendants' actions and omissions. As Plaintiff's complaint makes abundantly clear, this case is not simply about an act

of termination, it is about gross and outrageous governmental misconduct.

Defendants assert additionally that Plaintiff may not maintain an action for wrongful termination under Texas law. Again, this is a matter not presented by Defendants in their motion and is not properly before this Court. However, should this Court address this issue, Plaintiff asserts that there is such an action where there exists a civil service commission or other similar body. See Davis v. Passman, 442 U.S. 228 (1979)

Defendants next allege that Plaintiff, in Paragraph 28 of his complaint, alleges liability under the wording of the V.T.C.A. C.P. & R. Code, Section 101.021(2). Again, this matter is not addressed in Defendants' motion and should not be considered by this Court. Should the Court consider it, Plaintiff asserts there is no such wording in his complaint. Paragraph 28 specifically invokes the Texas Tort Claims Act and the language thereunder. It alleges a misuse of personal and actual notice. This aspect of Defendants' memorandum is without merit.

Defendants assert that Plaintiff's claims for defamation are time barred. Again, this matter is not properly before this Court because Defendants failed to raise this issue in their motion.

### Conclusion

As the above Response illustrates, this Court does have subject matter jurisdiction over Plaintiff's claims. Moreover, Plaintiff has stated a claim under Section 1983 for denial of due process in his termination and this claim is supported by Supreme Court precedent. Defendants have wholly failed to address Plaintiff's claims of gross and outrageous governmental conduct and thus there is nothing before this Court to justify a dismissal of these claims of Plaintiff. Because Defendants have not moved this Court to refuse to exercise its permissible ancillary jurisdiction, this Court, should it find that Plaintiff's federal claims should be dismissed, should

continue to exercise ancillary jurisdiction over Plaintiff's state claims. Finally, for the reasons set forth above, Plaintiff's state law claims (1) have not been properly objected to by Defendants because they have not been presented to this Court in Defendants' motion, or, alternatively, (2) Plaitniff's state law claims are proper.

 WHEREFORE, premises considered,, Plaintiff prays this Court deny Defendants' motion to dismiss and permit Plaintiff to have his day in Court.

Respectfully Submitted,

*Erik R. Sunde by Ben Neary (w/ permission)*

ERIK R. SUNDE
ATTORNEY-IN-CHARGE
FEDERAL I.D. NO. 16369
TX. BAR NO. 00785523
301 W. CLAY
HOUSTON, TEXAS 77019
(713) 942-2039 (TEL)
(713) 526-2389 (FAX)

## CERTIFICATE OF SERVICE

 I hereby certify that a copy of the forgoing motion has been served upon Mr. Richard Burst, Cameron County District Attorney's Office, by hand delivery, on this the 18th day of September, 1995.

*Erik R. Sunde by Ben Neary (w/ permission)*
Erik R. Sunde

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUADALUPE LOPEZ,<br>    PLAINTIFF, | § § § | |
| vs. | § § | CAUSE NO. B-95-69 |
| CAMERON COUNTY, TEXAS,<br>ALEX PEREZ,<br>INDIVIDUALLY AND IN HIS<br>CAPACITY AS THE SHERIFF OF<br>CAMERON COUNTY, CHIEF JOE<br>ELIZARDI, INDIVIDUALLY AND<br>IN HIS OFFICIAL CAPACITY AS<br>CHIEF JAILER OF THE<br>CAMERON COUNTY JAIL, AND<br>ANTONIO VALLEJO, JR.,<br>INDIVIDUALLY AND IN HIS<br>OFFICIAL CAPACITY AS A PAID<br>INFORMANT OF THE CAMERON<br>COUNTY SHERIFF'S DEPARTMENT,<br>    DEFENDANTS. | § § § § § § § § § § § § § § § | A JURY IS DEMANDED |

## ORDER

On this day came on to be heard Defendants' Motion to Dismiss. The Court, having considered the pleadings on file, the arguments of counsel and the relevant case law, is of the opinion that Defendants' Motion is without merit. It is therefore ORDERED, that Defendants' Motion to Dismiss is hereby DENIED.

_____                    _____
DATE                                        UNITED STATES MAGISTRATE JUDGE