IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 1 1995

Michael N. Milby, Clerk

| | | |
|---|---|---|
| GUADALUPE LOPEZ, | * | |
|     PLAINTIFF, | * | |
| | * | |
| vs. | * | |
| | * | CIVIL ACTION NO. B-95-69 |
| CAMERON COUNTY, TEXAS, | * | |
| ALEX PEREZ, | * | |
| INDIVIDUALLY AND IN HIS | * | |
| CAPACITY AS THE SHERIFF OF | * | A JURY IS DEMANDED |
| CAMERON COUNTY, CHIEF JOE | * | |
| ELIZARDI, INDIVIDUALLY AND | * | |
| IN HIS OFFICIAL CAPACITY AS | * | |
| CHIEF JAILER OF THE | * | |
| CAMERON COUNTY JAIL, AND | * | |
| ANTONIO VALLEJO, JR., | * | |
| INDIVIDUALLY AND IN HIS | * | |
| OFFICIAL CAPACITY AS A PAID | * | |
| INFORMANT OF THE CAMERON | * | |
| COUNTY SHERIFFS DEPARTMENT, | * | |
|     DEFENDANTS, | * | |

## SUPPLEMENTAL RESPONSE TO DEFENDANTS' MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the above-named Plaintiff and files this his Supplemental Response to Defendants' Motion to Dismiss and in support thereof would show as follows:

I.

At a pretrial conference held on September 20, 1995, the parties and this Court agreed to the filing of this supplemental response to Defendants' motion to dismiss as that motion relates to Plaintiff's claims of violations of his substantive due process rights to be free from gross and outrageous governmental conduct. While Defendants have not addressed this issue in their motion

to dismiss, focusing instead on Plaintiff's claims of procedural due process violations regarding his termination, Plaintiff now address what he believes and anticipates Defendants will argue in response to this supplement.

II.

Plaintiff's original complaint sets forth the following facts:

11. As plaintiff was going on shift on May 11, 1995, he was confronted by Elizardi and accused of smuggling marijuana into the Cameron County Jail. Plaintiff protested his innocence and offered to take a polygraph test. This offer was refused.

12. Plaintiff was subsequently fired and forced to face criminal charges. After trial, plaintiff was found innocent of any wrongdoing by a jury of his peers. The main witnesses for the prosecution at trail were defendants Elizardi and Vallejo.

13. Based on sworn testimony adduced at trial, Elizardi, without conducting anything even remotely approaching a valid investigation, accepted the declarations of a convicted felon, Vallejo, and embarked upon a series of actions constituting gross and outrageous governmental conduct. Approached by Vallejo "out of the blue", Elizardi gave Vallejo marijuana from Elizardi's desk drawer and a sum of money in excess of two-hundred dollars to initiate a "bust" of plaintiff. At no time did Elizardi ever have a basis for believing that plaintiff would ever commit a criminal act. In fact, Elizardi had every reason to believe plaintiff would not commit such an act as plaintiff had been an exemplary employee and many members of plaintiff's family were in law enforcement, including serving as ranking officers in the Cameron County Sheriffs department.

14. Deliberately indifferent to the information available to him, Elizardi hired Vallejo to "set up" plaintiff as an unwitting courier of marijuana. At all times relevant hereto, Elizardi was aware of but remained deliberately indifferent to Vallejo's criminal past and reputation. Elizardi cavalierly used monies available to him through a slush fund called "Fund `90" to pay Vallejo. Vallejo knew that this payment was for the purpose of successfully "setting up" plaintiff. Thus, on the evening of May 11, 1993, plaintiff was innocently handed a pack of cigarettes to deliver to an inmate in the Cameron County Jail. Knowing that such a delivery would constitute a violation of Jail rules and of State law, plaintiff dutifully threw the pack of cigarettes into the trash. Subsequently, plaintiff was confronted with the discarded pack of cigarettes and informed that he was being charged with delivery of marijuana into the Jail. At no time did Perez properly supervise Elizardi nor properly train Elizardi to engage in investigative procedures. At no time was plaintiff permitted to defend his continued employment with the Cameron County Sheriffs Department.

## Plaintiff's Original Complaint, 3-4

As the foregoing recitation of facts makes clear, the Defendants engaged in conduct that is shocking to the conscience, arbitrary or oppressive. In <u>Ayeni v. Montoya</u>, 35 F.3d 680 (2d Cir. 1994), the Second Circuit observed in <u>dictum</u> that a claim for substance due process violations based on gross and outrageous governmental conduct arising in the context of a **search under the Fourth amendment** is unavailable due to the presence of an explicit textual source of constitutional protection against physically intrusive governmental action during a search. <u>Ayeni</u>, 35 F.3d at 691. Plaintiff's factual scenario outlined in his original complaint and repeated above, does not involve a Fourth amendment search scenario nor does it involve any Fourth amendment issues whatsoever. Plaintiff complains of outrageous governmental conduct engaged in by Defendants wholly outside the context of the Fourth Amendment. The only protection afforded Plaintiff for such conduct is found in the substantive due process rights of the Fourteenth amendment. The right to be free from such governmental conduct has been recognized by the Supreme Court and the lower appellate courts. See <u>Allbright v. Oliver</u>, _____ U.S. ____, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994); <u>Lowrance v. Achtyl</u>, 20 F.3d 529, 537 (2d Cir. 1994); <u>see also, e.g., Greene v. United States</u>, 454 F.2d 783 (9th Cir. 1971).

To the extent to which the Defendants may argue that the conduct complained by Plaintiff does not rise to the level of gross and outrageous governmental conduct, courts have held governmental conduct similar to that here as gross and outrageous on other occasions. <u>See United States v. Twigg</u>, 588 F.2d 373 (3d Cir. 1978) (outrageous for government to supply essential hard to find element of crime); <u>United States v. Lard</u>, 734 F.2d 1290 (8th Cir. 1984) (outrageous for government to manufacture crime); <u>United States v. Batres-Santolino</u>, 521 F.Supp. 744 (N.D. Cal.

1981) outrageous where government supplies all drugs and defendant not involved in drug-related activity until government came on scene). As these cases illustrate, the conduct alleged by Plaintiff arises to the level of gross and outrageous conduct sufficient to state a complaint upon which relief can be granted. As alleged by Plaintiff, the Defendants in this case acquired illegal drugs from a desk drawer, utilized a paid informant who was a known convicted felon who came "out of the blue" into Defendants' office, failed to conduct any investigatin, and destroyed the life of an otherwise stellar employee. These facts shock the conscience, demonstrate wholly arbitrary action, and are indicative of governmental oppression.

### Conclusion

As discussed above, this case is not a Fourth amendment case and thus is not preempted by any explicit textual reference in the Constitution. Plaintiff's complaint alleges facts that are similar to those found by other courts to rise to the level of gross and outrageous conduct. Finally, the allegations contained in the original complaint set forth facts that shock the conscience, are arbitrary or are oppressive. Thus, Plaintiff's claims for violations of his substantive due process violations based on gross and outrageous governmental conduct should be allowed to proceed to trial and Defendants' motion to dismiss this claim should be denied.

Respectfully submitted,

_____
ERIK R. SUNDE
ATTORNEY-IN-CHARGE
FEDERAL I.D. NO. 16369
TX. BAR NO. 00785523
301 W. CLAY
HOUSTON, TEXAS 77019
(713)942-2039

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion has been served upon Mr. Richard Burst, Cameron County District Attorney's Office, 974 E. Harrison Street, Brownsville, Texas 78520, by hand delivery, on this 11th day of October, 1995.

_Erik R. Sunde by Ben Neece_
ERIK R. SUNDE
w/ permission