

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

```
GUADALUPE LOPEZ,              )
      Plaintiff,              )
                              )
v.                            )      CAUSE NO. B-95-69
                              )
CAMERON COUNTY, TEXAS; ALEX   )      JURY DEMANDED
PEREZ, individually and in his official )
capacity as Sheriff; JOE ELIZARDI,      )
individually and in his official capacity )
as Chief Jailer; and, ANTONIO VALLEJO, )
individually and in his official capacity )
as a paid informant,          )
      Defendants.             )
```

United States District Court
Southern District of Texas
FILED

OCT 17 1995

Michael N. Milby
Clerk of Court

## REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OF CAMERON COUNTY, ALEX PEREZ AND JOE ELIZARDI

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Cameron County, Alex Perez and Joe Elizardi for their reply to Plaintiff's Response and Supplemental Response to Defendant's Motion To Dismiss state:

### FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS CLAIM

Under the facts plead in this case Plaintiff was arrested, indicted and tried to a jury. As plead by Plaintiff in Paragraph 12 of the Complaint he was "...forced to face criminal charges." This clearly constitutes a seizure for purposes of the Fourth Amendment. *Terry v. Ohio,* 392 U.S. 1, 19, n. 16, 20 L.Ed.2d 889, 88 S.Ct. 1868 (1968) and *Brower v. County Of Inyo,* 489 U.S. 593, 596, 103 L.Ed.2d 628, 635, 109 S.Ct. 1378 (1989); see also, *Albright v. Oliver,* ___ U.S. ___, 127 L.Ed.2d 114, 114 S.Ct. 807 (1994). He was also fired, but the wrongful termination claim,

1

state and federal, have been dropped. See, Stipulation Of Dismissal Of Certain Causes Of Action. Plaintiff has made no Fourth Amendment claim, probably because he was indicted after arrest; see, *Taylor v. Gregg,* 36 F.3d 453, 456 (5th Cir. 1994); instead, Plaintiff rests his claim on the Fourteenth Amendment under substantive due process. However, under the facts plead either Plaintiff was properly arrested upon probable cause or he was wrongfully arrested without probable cause; an issue laid to rest by subsequent indictment. *Taylor v. Gregg, supra,* at 456. Plaintiff attempts to circumvent a proper Fourth Amendment arrest and indictment by claiming that the conduct which gave rise to Plaintiff's arrest was outrageous governmental conduct in violation of Fourteenth Amendment substantive due process.

Twice the U. S. Supreme Court has struck down attempts to do an end run around the Fourth Amendment when the facts indicated a Fourth Amendment seizure.

In *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443, (1989), Graham claimed an officer had used excessive force while he was detained during an investigative stop. The Court stated at 388:

> "This case requires us to decide what constitutional standard governs a free citizen's claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other "seizure" of his person. We hold that such claims are properly analyzed under the Fourth Amendment's "objective reasonableness" standard, rather than under a substantive due process standard."

More recently in *Albright v. Oliver, supra,* the plaintiff, Albright, surrendered himself on an outstanding warrant charging him with the sale of a substance which looked like an illegal drug. On defendant Oliver's testimony the court found probable cause to bind Albright over for trial. The court later dismissed the action on the ground that the charge did not state an offense under state law. Albright filed a Section 1983 action alleging violation of his "substantive due

2

process" rights guaranteed by the Fourteenth Amendment. Although at page 3 of Plaintiff's supplemental response he relies on the *Albright* case to support his substantive due process claim, the Court in *Albright*, in fact held that "...substantive due process, with its 'scarce and open-ended' 'guidepost,' [citation omitted] can afford him [Albright] no relief." *Id.,* slip opinion at 16. The court reasoned that the lawfulness of a seizure under the Fourth Amendment must be brought under a Fourth Amendment claim and not under a Fourteenth Amendment substantive due process claim. *Id.,* slip opinion pages 10 through 16. For instance at slip opinion page 13 the court states:

> "Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.' [Citation omitted.]"

The court held that substantive due process could not be used by Plaintiff Albright, which is exactly what the Plaintiff is this case, Guadalupe Lopez is trying to do.

The Plaintiff has no claim for outrageous conduct under substantive due process of the Fourteenth Amendment.

## HISTORY OF THIS CASE

On June 1, 1995, Defendants Cameron County, Alex Perez, and Joe Elizardi filed their Rule 12(b)(6) Motion To Dismiss. On August 3, 1995, an initial pretrial was held. Plaintiff had not responded to Defendants Motion To Dismiss and was given until August 25, 1995 to amend his complaint. No amended complaint was filed so on August 29, 1995, Defendants filed a motion to reurge their Motion To Dismiss. In lieu of amending on September 18, 1995, Plaintiff filed a Response to Defendants' Motion To Dismiss. On September 20, 1995, a second initial

3

pretrial conference was held in which the Plaintiff announced the dismissal of his claims for wrongful termination, state and federal, and for slander. Plaintiff ask for and was given until October 2, 1995, (three times extended and timely filed on October 11) to file a supplemental response to Defendants Motion To Dismiss. For the foregoing reasons, if Plaintiff fails to sustain a viable cause of action at this time, this case should be dismissed.

WHEREFORE, Defendants Cameron County, Alex Perez and Joe Elizardi pray this case be dismissed with prejudice to the refiling of the same.

Respectfully submitted,

LUIS V. SAENZ
CAMERON COUNTY ATTORNEY
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas 78520

Richard O. Burst
Assistant County Attorney
Texas State Bar #00785586
S.D. No. 15515

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Reply has been forwarded via Certified Mail, Return Receipt on this the 17 day of October, 1995 to:

Mr. Erik R. Sunde
301 W. Clay
Houston, Texas 77019

Richard O. Burst