United States District Court
Southern District of Texas
FILED

MAR 25 1998

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUADALUPE LOPEZ, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | CAUSE NO. B-95-69 | |
| ) | | |
| CAMERON COUNTY, TEXAS; ALEX ) | JURY DEMANDED | |
| PEREZ, individually and in his official ) | | |
| capacity as Sheriff; JOE ELIZARDI, ) | | |
| individually and in his official capacity ) | | |
| as Chief Jailer; and, ANTONIO VALLEJO, ) | | |
| individually and in his official capacity ) | | |
| as a paid informant, ) | | |
| Defendants. ) | | |

## ORIGINAL ANSWER AND RULE 12(b)(6) PLEA OF CAMERON COUNTY, ALEX PEREZ AND JOE ELIZARDI

### RULE 12(b)(6) PLEA

Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, make this their Plea to Dismiss for Failure to State A Claim Upon Which Relief Can Be Granted and show the Court:

1. The Plaintiff has failed to state a cause of action against these Defendants for deprivation of rights under the Fourth, Fifth or Fourteenth Amendments to the United States Constitution actionable under 42 U.S.C., Section 1983.

2. Defendants Perez and Elizardi are entitled to qualified immunity. Defendants engaged in no conduct which would violate clearly established statutory or constitutional rights, and, therefore, they are protected from individual liability under the Doctrine of Qualified Immunity.

1

3.  At all times mentioned in the Original Petition these Defendants were employed by Cameron County, Texas, and acting in their official capacity. Their alleged actions, if any, were discretionary and made in good faith, without malice and/or performed in the reasonable belief that such actions were authorized by and in accord with existing law and authority.

4.  Naming Cameron County, Texas, as a defendant and naming any employee or official of Cameron County in their official capacity constitutes duplicitous claims against the County of Cameron and should be dismissed.

5.  Under the facts alleged, Plaintiff must plead his case under the Fourth Amendment and not under the Substantive Due Process of the Fourteenth Amendment.

WHEREFORE, PREMISES CONSIDERED, this Defendants prays that the Court dismiss Plaintiff's causes of action against the Sheriff of Cameron County for Failure to State a Claim Upon Which Relief Can Be Granted, and grant him such other and further relief to which he may show himself justly entitled.

## ANSWER

For answer to Plaintiff's First Amended Original Complaint, Defendants Cameron County, Alex Perez and Joe Elizardi, state:

### FIRST DEFENSE

1.  Admit that Alex Perez was Sheriff of Cameron County and that Joe Elizardi was an employee of the Sheriff's Department at times pertinent to this law suit. Admit that Antonio Vallejo, Jr., was a named witness and informant. Deny the balance of Paragraph 1.

### SECOND DEFENSE

2.  Deny Paragraph 2.

2

## THIRD DEFENSE

3.  Defendants deny the jurisdiction statement and say that although the Plaintiff asserts that this Court has jurisdiction pursuant to federal statutory authority, under the facts of this case, the Plaintiff has not stated a cause of action that would or does rise to the level of a federal constitutional violation that would give this court jurisdiction.

## FOURTH DEFENSE

4.  Defendant is without sufficient information to deny or admit Paragraph 5.

## FIFTH DEFENSE

5.  Admit Paragraphs 6, 7, and 8.

## SIXTH DEFENSE

6.  Admit that Antonio Vallejo, Jr. was a named informant. Deny the balance of Paragraph 9.

## SEVENTH DEFENSE

7.  Believe the year was 1995, not 1993. Admit the balance of Paragraph 10.

## EIGHTH DEFENSE

8.  Deny that Plaintiff offered to take a polygraph test, and, therefore, deny that the offer was refused. The balance of Paragraph 11 is admitted.

## NINTH DEFENSE

9.  Deny that a jury found the Plaintiff "innocent of any wrongdoing". Admit the balance of Paragraph 12.

## TENTH DEFENSE

10.  Deny Paragraph 13.

## ELEVENTH DEFENSE

11.  Admit that the informant was paid from Fund 90. Deny the balance of Paragraph 14.

## TWELFTH DEFENSE

12.  Deny Paragraphs 15, 16, and 17.

## THIRTEENTH DEFENSE

13.  Admit that personnel must be trained. Deny the balance of Paragraph 18.

## FOURTEENTH DEFENSE

14.  Deny Paragraph 19.

## FIFTEENTH DEFENSE

15.  The responses to Paragraphs 5 through 20 are incorporated by reference.

## SIXTEENTH DEFENSE

16.  Deny Paragraphs 21 through 26 and the Prayer.

## SEVENTEENTH DEFENSE

17.  Any allegation made within any part of Plaintiff's Amended Original Complaint not otherwise specifically responded to is specifically or generally denied. Defendants still urge and rely on matters alleged and without waiving any other matter asserted herein further allege as affirmative defenses the following:

## EIGHTEENTH DEFENSE

18.  Plaintiff's rights, privileges, and immunity secured under the Constitution or laws of the United States, have not been violated by any action of these Defendants

## NINETEENTH DEFENSE

19.  Elizardi and Perez engaged in no conduct which would violate clearly established statutory

4

or constitutional rights, and, therefore, are protected from individual liability under the doctrine of qualified immunity.

## TWENTIETH DEFENSE

20. At all times mentioned Plaintiff's Amended Original Complaint Elizardi and Perez were employed by the State of Texas or Cameron County and acting in there official capacity. Their alleged actions, if any, were discretionary and made in good faith, without malice and/or performed in the reasonable belief that such actions were authorized by and in accord with existing law and authority.

## TWENTY-FIRST DEFENSE

21. Plaintiff may not proceed against Perez or County under a theory of respondeat superior under Section 1983 Claims.

## TWENTY-SECOND DEFENSE

22. Plaintiff is not entitled to attorney's fees because he is not a prevailing party. These Defendants are entitled to attorney's fees.

## TWENTY-THIRD DEFENSE

23. Plaintiff cannot recover directly or indirectly from County because the Texas Tort Claims Act and the laws of the State of Texas have not waived sovereign immunity for Plaintiff's claims.

## TWENTY-FOURTH DEFENSE

24. In the alternative, County hereby invokes all defenses under the Texas Tort Claims Act, including, but not limited to, statutory limit on damages and individual immunities under the Act.

## TWENTY-FIFTH DEFENSE

25. In the alternative County, is not liable for intentional torts under the Texas Tort Claims

Act.

## TWENTY-SIXTH DEFENSE

26.     Plaintiff's Tort Claims are barred because County did not receive timely notice required by the Texas Tort Claims Act.

## TWENTY-SEVENTH DEFENSE

27.     Plaintiff's claims occurring two years prior to the filing of Plaintiff's Original Petition are barred by the Texas two year statute of limitations.

## TWENTY-EIGHTH DEFENSE

28.     County at all times acted in a legislative capacity with respect to any actions it took in connection with the operations of the Cameron County Sheriff's Department and as such Defendant, Cameron County, Texas is entitled to a protection from liability under the doctrine of legislative immunity.

## TWENTY-NINTH DEFENSE

29.     The conduct complained of in Plaintiff's Complaint was not the official policy or custom of Cameron County; therefore, Cameron County is immune from liability under 42 U.S.C. Section 1983, et seq.

## THIRTIETH DEFENSE

30.     Plaintiff cannot recover punitive damages against Defendant Cameron County, Texas, under any cause of action alleged in Plaintiff's Original Petition.

## THIRTY-FIRST DEFENSE

31.     Plaintiff cannot recover directly or indirectly from Cameron County because of the Doctrine of Sovereign Immunity.

6

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final hearing hereof, that Plaintiff take nothing by his suit and that these Defendants recover all cost incurred herein and that they receive such other and further relief, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT
964 East Harrison Street
Brownsville, Texas 78520
Telephone: 210/550-1345
Facsimile: 210/550-1348

BY: _____
Richard O. Burst
Attorney In Charge
Texas State Bar #00785586
S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786516
S.D. No. 17065

## CERTIFICATE OF SERVICE

I, Richard O. Burst do hereby certify that a true and correct copy of the foregoing Answer has been mailed to Plaintiff's Attorney, Erik R. Sunde, 301 W. Clay, Houston, Texas 77019, on this _____ of March, 1998.

_____
Richard O. Burst

7