40

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 2 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GUADALUPE LOPEZ,<br>Plaintiff, | § | |
| | § | |
| | § | CAUSE NO. B-95-69 |
| VS. | § | |
| | § | |
| | § | JURY DEMANDED |
| CAMERON COUNTY, TEXAS; | § | |
| ALEX PEREZ, individually and in his | § | |
| official capacity as Sheriff; | § | |
| JOE ELIZARDI, individually and in | § | |
| His official capacity as Chief Jailer; | § | |
| And ANTONIO VALLEJO, individually | § | |
| And in his official capacity as a paid | § | |
| Informant, | § | |
| Defendants. | § | |

## PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JOH BLACK, UNITED STATES MAGISTRATE JUDGE,
SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

Plaintiff Guadalupe Lopez files this his response to Defendants' Motion for Summary
Judgment and in support shows as follows:

I.

Plaintiff does not disagree with Defendants' recitation of the procedural history of this case.

II.

### STANDARD OF REVIEW

Summary judgment is appropriate only "if the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine
issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.
R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). FED. If the moving party meets its
initial burden of showing that there is no genuine issue, then the burden shifts to the nonmovant to set

forth specific facts showing the existence of a genuine issue. See Fed. R. Civ. P. 56(e). In considering

the merits of a summary judgment motion, all evidence must be construed in the light most favorable

to the non-moving party without weighing the evidence, assessing its probative value, or resolving any

factual disputes. *Lindsey v. Prive Corp.,* 987 F.2d 324, 327 n.14 (5th Cir. 1993).   When ruling on a

motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be

viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v.

Zenith Radio,

475 U.S. 574, 587 (1986) (quoting United States v. Diebold, 369 U.S. 654, 655 (1962)); Hansen v.

Continental Insur. Co., 940 F.2d 971, 975 (5th Cir. 1991).   While all evidence in the record must be

considered in determining whether judgment as a matter of law is proper, not all evidence can be given

weight.   As the Supreme Court recently cautioned, the role of the jury must be preserved with respect

to the determination of credibility, the weighing of the evidence, and the drawing of legitimate

inferences from the facts. *Reeves v. Sanderson Plumbing Products, Inc.,* ___ U.S. ___, 120 S.Ct.

2097 (2000).   The Court concluded:

> Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.   That is, the court should give credence to the evidence favoring the nonmovant as well as that "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses."

___ U.S. ___, 120 S.Ct. at 2110 (*citing* C. Wright & A. Miller, Federal Practice and Procedure § 2529,

p. 299 (2d ed. 1995)).

### III.

Defendants in this case have failed to meet their burden of demonstrating there are no genuine

2

issues of material fact.  The Defendants have filed a motion for summary judgment relying upon an assertion that another person, a stranger to the case, was arrested upon probable cause.  Moreover, Defendants have relied upon conclusory, self-serving statements regarding legal concepts yet have failed to demonstrate how they arrived at those conclusions.  It is axiomatic that some analysis of the applicability of the evidence accompany the Defendants' motion and that the motion be accompanied by some evidence.  See FED.R.CIV.P. 56(e) (setting forth the form of affidavits).

1.      First, Defendants' cite their "evidence" for the proposition that Plaintiff was arrested on probable cause.  Defendants have attached to their motion the "Affidavit of Joe Elizardi" dated January 10, 2001.  This affidavit, the basis of a motion to strike, asserts that Defendant Elizardi "arrested Benito De La Cruz, Plaintiff, on probable cause."  Benito De La Cruz is a stranger to this lawsuit.  The affidavit makes no mention of Plaintiff whatsoever.  As such, this "evidence" is not competent summary judgment evidence.  See FED.R.CIV.P. 56(e) (setting forth the form of affidavits).  In fact, it constitutes no evidence at all.  Absent any evidence supporting the assertion that there are no genuine issues of material fact,  this Court should deny the motion in its entirety.

2.      Secondly, even were Defendants' to correct their "evidence", the statement that Plaintiff was arrested "on probable cause" is a classic example of the type of conclusory and self-serving declarations that the courts are loathe to accept for purposes of summary judgment.  See *BMG Music v. Martinez*, 74 F.3d 87, 90 (5th Cir. 1996) (court observing that only evidence provided by defendant to contradict summary judgment by plaintiff was conclusory and self-serving); see also *Reeves*, ___ U.S. at ___, 120 S.Ct. at 2110 (*citing* C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299 (2d ed. 1995)) (court should give credence to evidence "at least to the extent that that evidence comes from disinterested witnesses.").

3

## IV.

Defendants' motion is in fact little more than a rehashing of their motion to dismiss previously filed in this case.

1.     Official Capacity

Defendants refer to the case of *Familias Unidas v. Briscoe*, 619 F.2d 391, 403 (5th Cir. 1980) for the proposition that Plaintiff's actions against the individual Defendants in their official capacities should be dismissed because these are actions against Cameron County for which they work. According to Defendants, this makes the causes of action duplicative. This is a misreading of the law. First, *Familias Unidas* relied upon the language of *Monell v. Department of Social Services*, 436 U.S. 658, 690 n. 55. Note 55 reads as follows:

> "Since official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent - at least where Eleventh Amendment considerations do not control analysis - our holding today that local governments can be sued under 1983 necessarily decides that local government officials sued in their official capacities are "persons" under 1983 in those cases in which, as here, a local government would be suable in its own name."

*Monell* at 690, note 55. This analysis makes no mention of any basis in support of Defendants' theory that the actions against Defendants in their official capacities should be dismissed. A review of the case law reveals no court ever having relied on *Familias Unidas* or *Monell* for the proposition asserted by Defendants. There simply is no support for such an interpretation by this Court and as such Plaintiff respectfully requests that this portion of the Defendants' motion be denied.

2.     Fourth Amendment Substantive Due Process Claims

For the foregoing reasons, Plaintiff Guadalupe Lopez respectfully requests that the Court grant his motion and continue the due date for the response to Defendants' Motion for Summary Judgment

4

to March 2, 2001.  Again, as in their motion to dismiss, Defendants are simply arguing that a substantive due process claim for outrageous governmental conduct cannot exist.  Moreover, under Defendants' interpretation, any outrageous governmental conduct that may lead to an arrest is simply rendered moot by a subsequent indictment, even where that indictment is based upon evidence acquired or manufactured by the outrageous conduct.  This theory opens the door to outrageous governmental conduct and allows officials to manufacture evidence, present to a grand jury, acquire an indictment and relieve themselves of any liability.

Defendants continue to want to interpret Plaintiff's claims as based upon his arrest.  Plaintiff's arrest was merely the culmination of the wrongful acts engaged in by Defendants.  Plaintiff is complaining of the outrageous governmental conduct that lead up to his arrest.  Plaintiff does not argue with the proposition that an indictment precludes a Fourth Amendment claim for wrongful arrest.  See *Taylor v. Gregg,* 36 F.3d 453, 456 (5th Cir. 1994).  However, without abandoning his objections to Defendants' "evidence", a cursory review of the "public file" attached to the Affidavit of Joe Elizardi reveals the potential for the danger that would result if Defendants' theory is followed.  For example: a) the "Felony Submission Form" submitted by Defendants was prepared, signed and submitted by Defendant Elizardi; b) the "Case Report" was prepared and signed by Defendant Elizardi; c) the "Investigative Report" was prepared and signed by Defendant Elizardi; d) the alleged affidavit of Defendant Antonio Vallejo is unsigned; e) the affidavit of Joe Saenz was notarized by Defendant Elizardi; and f) the "Evidence Tag" was booked in and signed by Defendant Elizardi.  Virtually all the critical documents in the "public file" attached to the insufficient affidavit of Defendant Elizardi either were generated by Defendant Elizardi, are unsigned affidavits, or are affidavits notarized by Defendant Elizardi.

5

What is clearly reflected by the inadmissible evidence presented by Defendants is nothing short of evidence demonstrating the ease with which a governmental official can engage in outrageous conduct and then prepare all the necessary documentation to bring the matter before a grand jury and acquire an indictment.   Thus, absent the ability to bring a claim for outrageous conduct, the Defendants' theory would allow the type of conduct complained of here to continue with no remedy.

Plaintiff has previously set forth his reasoning and legal justifications for maintaining an action for substantive due process violations based upon the alleged governmental outrageous conduct in his response to Defendants' motion to dismiss.  As Defendants have done no more than reassert their motion to dismiss on this claim, and have not provided any evidence to support their theory, Plaintiff respectfully requests that this portion of the summary judgment motion be denied.

3.      Intentional Torts – State Claims

In this section of their motion, Defendants again assert that there is no competent summary judgment evidence in support of the Defendants' claims.  Insofar as this section purports only to have the claims of intentional torts dismissed against the County, and the County alone, Plaintiff has no objection.

4.      Torts Claim Act Notice

Defendants assert that they have received no notice nor actual notice of Plaintiff's a) injury, b) Cameron County's fault producing or contributing to such injury or c) the identity of the parties. Defendants have received actual notice of each of these elements.  First, Defendants are aware, and were immediately aware, of the monetary injuries suffer by Plaintiff as the result of the loss of his job due to the conduct of Defendants.  Moreover, Defendants were immediately aware of the emotion distress suffered by Plaintiff.  As Defendants note themselves in their motion, every arrest is

6

accompanied by emotional distress. See Defendants' Motion at page 7. Secondly, notice to the relevant officials, in this case Defendant Elizardi and Defendant Perez, constitutes notice to the County. These Defendants were at fault, were acting as high ranking County officials, and had notice of their fault, and hence the County's fault. Defendants do not attempt to argue that these officials did not have notice of fault, arguing instead that only "Cameron County's fault" was not known. Third, actual notice of the identities of the parties could not be clearer. Defendant Elizardi directly engaged in the complained of behavior. Moreover, this case received immediate media attention throughout Cameron County. In short, the notice requirements are met through the actual notice supported by the uncontested facts of this case.

5.    Intentional Infliction of Emotional Distress

The Defendants argue that Plaintiff cannot support a claim for intentional infliction of emotion distress because arrests are accompanied by emotional distress and as such any injury is incidental to the arrest. Defendants again rely on the Affidavit of Joe Elizardi, objectionable for the reasons previously noted. Thus, there is no evidence supporting Defendants' contention that Plaintiff was arrested upon probable cause. Even if this Court were to permit Defendants to remedy this point, summary judgment is not appropriate. This because Defendants continue to misapprehend the basis of Plaintiff's claims. Plaintiff is not asserting, and has never asserted that the fact of his arrest is the basis for his claim. Rather, Plaintiff's arrest is the result of the gross and outrageous conduct of Defendants prior to his arrest. That conduct, Plaintiff admits, led to his arrest as well as the concomitant injuries he is claiming. Because Defendants' motion is premised upon the incorrect idea that Plaintiff is complaining about his arrest, their motion on this point should be denied.

6.    Supervisory Liability

Defendants claim that as to Defendant Perez, and Defendant Perez only, Plaintiff cannot maintain a claim because Plaintiff has failed to allege any acts or omissions on the part of Defendant Perez. This is simply incorrect. Plaintiff's allegations clearly state that at no time did Defendant "Perez properly supervise Elizardi nor properly train Elizardi to engage in investigative procedures." Plaintiff can allege no additional facts because this is a failure to train issue. Plaintiff cannot provide facts of something that did not happen when the fact of it not happening is the basis for the claim. Defendants have presented no evidence to the contrary. Even were this Court to permit Defendants to remedy the problems with their "evidence", that evidence as it stands now presents only more conclusory and self-serving testimony. Without abandoning his objections to the "evidence" in the Defendants' motion, Plaintiff notes that the Affidavit of Joe Elizardi merely states that he "received both formal and on the job training as an investigator while employed by the Sheriff's office." There is nothing in the Affidavit of Joe Elizardi to suggest what this statement means, *i.e.*, the quality of the training, the extent of the training or otherwise. This is quintessentially self-serving and conclusory. For these reasons, Plaintiff respectfully requests that this section of Defendants' motion be denied.

Conclusion

Defendants' motion for summary judgment fails to comply with Federal Rules of Civil Procedure Rule 56(e) and Rule 56 (c). As such, it is without evidence and should be denied. Even were the defects in Defendants' "evidence" remedied, the quality of the evidence falls short of that required to support a motion for summary judgment. Virtually all of the main points are self-serving and conclusory, all drafted by Defendant Elizardi. Thus, on this basis, Defendants' motion should be denied. Finally, the motion is in large part merely a rehashing of Defendants' motion to dismiss and as such should be denied.

8

Respectfully submitted,


ERIK R. SUNDE
ATTORNEY AT LAW
FED. I.D. NO. 16369
301 W. CLAY
HOUSTON, TEXAS 77019
(713) 942-2039 (TEL)
(713) 942-0368 (FAX)


## CERTIFICATE OF SERVICE


I, Erik R. Sunde, hereby certify that a copy of the foregoing instrument has been served upon Mr. Richard Burst by hand delivery or United States Mail, on this the 2d day of March, 2001.


Erik R. Sunde

9