42

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 8 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GUADALUPE LOPEZ, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. B-95-69 |
| | ) | |
| CAMERON COUNTY, TEXAS; ALEX | ) | JURY DEMANDED |
| PEREZ, individually and in his official | ) | |
| capacity as Sheriff; JOE ELIZARDI, | ) | |
| individually and in his official capacity | ) | |
| as Chief Jailer; and, ANTONIO VALLEJO, | ) | |
| individually and in his official capacity | ) | |
| as a paid informant, | ) | |
| Defendants. | ) | |

REPLY TO PLAINTIFF'S RESPONSE
TO
MOTION FOR SUMMARY JUDGMENT
AND
MOTION TO STRIKE ELIZARDI'S AFFIDAVIT

For reply to Plaintiff's response to Defendants' motion for summary judgment and for

response to Plaintiff's Motion To Strike Affidavit of Joe Elizardi Defendants state:

1. Joe Elizardi's affidavit attached to Defendants' Motion for Summary Judgment

contains a scriveners error (more accurately a computer cut and paste error). In drafting the

affidavit the form was borrowed from another case. The name in the second was not changed and

was not caught by the affiant. It should have read "Guadalupe Lopez" where "Benito De La Cruz"

appeared.

2. Attached is the corrected affidavit which also addresses Plaintiff's hearsay issues.

3. Defendants request the court strike the original affidavit of Joe Elizardi attached to

their motion for summary judgment and substitute in its place the Affidavit of Joe Elizardi

attached to this reply.

WHEREFORE, Defendants pray this Court grant their Motion for Summary Judgment and such other relief to which they may be entitled.

Respectfully submitted,

CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT
964 East Harrison Street
Brownsville, Texas 78520
Telephone: 956/550-1345
Facsimile: 956/550-1348

BY: _____
Richard O. Burst
Attorney In Charge
Texas State Bar #00785586
S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786516
S.D. No. 17065

## CERTIFICATE OF SERVICE

I, Richard O. Burst do hereby certify that a true and correct copy of the foregoing Reply has been mailed to Plaintiff's Attorney, Erik R. Sunde, 301 W. Clay, Houston, Texas 77019, on this ____ of March, 2001.

_____
Richard O. Burst

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

GUADALUPE LOPEZ,                          )
     Plaintiff,                          )
                                          )
v.                                        )          CAUSE NO. B-95-69
                                          )
CAMERON COUNTY, TEXAS; ALEX               )          JURY DEMANDED
PEREZ, individually and in his official   )
capacity as Sheriff; JOE ELIZARDI,        )
individually and in his official capacity )
as Chief Jailer; and, ANTONIO VALLEJO,    )
individually and in his official capacity )
as a paid informant,                      )
     Defendants.                         )

## AFFIDAVIT OF JOE ELIZARDI

On this day, Joe Elizardi appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said:

1.    "My name is Joe Elizardi. At the time relevant to this law suit I was the Chief jailer for the Cameron county Sheriff's Office. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.    I arrested Guadalupe Lopez, Plaintiff, on probable cause.

3.    I submitted a case file under cover of a Felony Submission Form to the Cameron County (Criminal District) Attorney's office. See, attached case file.

4.    The Cameron County (Criminal District) Attorney's Office presented this case to a grand jury. The grand jury indicted Plaintiff for the crime for which he was arrested.

5.    The case was tried to a jury and plaintiff was acquitted.

6.    Attached is a copy of the case file I submitted to the Cameron County (Criminal District) Attorney's Office. The "case file" is a public record or report filed in the Cameron County Sheriff's Office where such case files are kept. And, the case file is a report of acts, events, conditions, or opinions made at or near the time by me or from information transmitted by, Deputy Joe Saenz, a person who assisted me in the stake out and arrest of Plaintiff, who had knowledge of the acts or events. The case file was kept in the course of the regular conducted practice of the Sheriffs Office, peace officer activity. I have reviewed the attached case file and it is a true and correct copy of the file kept by the Sheriffs Office, which is part

of the Sheriff Office's records, and I am the person who compiled the case file. I t was the regular practice of the Sheriffs Office to make reports and a case file for submission to the District Attorneys Office and to maintain a copy of that report and case file in the Sheriffs Office.

7.   At the time Plaintiff was booked into the county jail, I intended to arrest Plaintiff based on probable cause that he had committed the crime that he knowingly took a controlled substance, marijuana, into a county jail. This is the crime for which he was subsequently indicted, tried and acquitted.

8.   Alex Perez was sheriff of Cameron County at the time of Plaintiff's arrest is this case. I was present at the arrest of Plaintiff. Alex Perez was not present during and took no action with regard to Plaintiff's arrest.

9.   At the time of Plaintiff's arrest I was licensed by the State of Texas as a peace officer. Prior to being placed in charge of the jail I had been an investigator in the sheriff's Office for approximately four years. I had received both formal and on the job training as an investigator while employed by the Sheriff's Office. The formal training consist of courses taken that meet and exceed the required peace officer training for Texas peace officers. The certifying agency that requires these courses and certifies the courses is the Texas Commission On Law Enforcement Officer Standards And Education (TCLEOSE). The training I had received included arrest procedures and the necessity for probable cause.

10.  At the time of Plaintiff's arrest, referenced in this case, the Sheriff's Office required all its deputies to receive TCLEOSE certified training which included arrest procedures and the necessity for probable cause.

Further Affiant sayeth not.

Joe Elizardi

SWORN TO and SUBSCRIBED before me by Joe Elizardi on this ___8th___ day of March, 2001.

My commission expires: ___4-26-01___

Notary Public in and for
the State of Texas

GRACIE L PAREDES
NOTARY PUBLIC
State of Texas
Comm. Exp. 04/26/01

# Felony Submission Form

Defendant(s)' name(s) GUADALUPE C. LOPEZ   06/02/65
and D.O.B.

_____   _____

_____   _____

Date of arrest: MAY 11, 1993 _____   Arresting Agency CAMERON CO. S. O. _____

Charge(s): INTRODUCTION OF A CONTROLLED SUBSTANCE INTO A PENAL INSTITUTION ____

J.P. or Municipal Ct. and number N/A _____

| Case File Checklist | | | Yes | No | N/A | B. Physical and Scientific Evidence |
|---|---|---|---|---|---|---|
| **Yes** **No** **N/A**   A. Statements In File | | | | | | |
| ☑ ☐ ☐ | 1. Statement of victim | | ☑ | ☐ | | 1. Physical evidence recovered |
| ☑ ☐ ☐ | 2. Statements of all witnesses that were identified | | ☑ | ☐ | ☐ | 2. Retained by agency |
| | | | ☑ | | | 3. Submitted to lab |
| ☑ ☐ ☐ | 3. Confession | | ☑ | | | 4. Submission form in file |
| ☑ ☐ | 4. Investigative report from main investigating officer | | ☑ | ☐ | | 5. Lab report in file |
| ☑ ☐ | 5. All offense and arrest reports | | ☐ | ☐ | | 6. Photographs taken |
| | | | ☐ | ☐ | | 7. Photos in file |
| If No for any of above, please explain | | | ☐ | ☐ | | 8. Diagrams made |
| | | | ☐ | ☐ | ☐ | 9. Diagrams in file |
| _____ | | | ☐ | ☐ | | 10. Video or audio recordings made |
| _____ | | | ☐ | ☐ | ☐ | 11. Video or audio recordings in file |
| _____ | | | ☐ | ☐ | ☐ | 12. Transcript of audio recordings in file |
| _____ | | | ☐ | ☐ | | 13. Medical examination |
| | | | ☐ | ☐ | ☐ | 14. Results of medical examination in file |

| Yes | No | B. Criminal Record | | | |
|---|---|---|---|---|---|
| ☐ | | 1. NCIC/TCIC and DL check in file | ☐ | ☐ | 15. Autopsy |
| | | | ☐ | ☐ | 16. Autopsy report in file |
| ☐ | ☑ | 2. Does Defendant have priors in Agency records? | ☐ | ☐ | 17. Blood alcohol test given |
| | | | ☐ | ☐ | 18. Results of Blood alcohol test in file |
| ☑ | ☐ | 3. Fingerprint card submitted to Austin | ☐ | ☐ | 19. Search or arrest warrants |
| | | | ☐ | ☐ | 20. Copies of warrants and returns in file |

Submitting Officer: JOE ELIZARDO _____

Submitted to (D.A. Staff person): _____

Date Submitted: _____   NOTE:  ALL felony case files must be submitted no later than sixty (60) days after arrest.  Problems at that time can be resolved by consultation with our office.

| CAMERON COUNTY SHERIFF DEPARTMENT CRIMINAL LAW ENFORCEMENT DIVISION **CASE REPORT** | FILE NUMBER 93-4804 | |
|---|---|---|
| | IDENTIFIER CRIMINAL | PROGRAM CODE N/A |

| DEFENDANTS: GUADALUPE C. LOPEZ  06/02/65 654 HORTENCIA STREET BROWNSVILLE, TEXAS 78520 | VIOLATIONS INTRODUCTION OF A CONTROLLED SUBSTANCE INTO A PENAL INSTITUTION |
|---|---|
| | COUNTY CAMERON |
| | REPORTED BY: STATE OF TEXAS / DATE |

**SYNOPSIS**

ON TUESDAY MAY 11, 1993 DETENTION OFFICER GUADALUPE C. LOPEZ ARRANGED TO HAVE SOME NARCOTICS HIDDEN IN A CIGARETTE PACK. MR LOPEZ THEN HAD THE PACK DELIVERED TO HIM, WHICH IN TURN HE WAS TO DELIVER IT TO AN INMATE IN THE COUNTY JAIL. SURVEILLANCE WAS SET AND MR. LOPEZ WAS SUBSEQUENTLY CAUGHT AND CHARGED.

## LIST AND DESCRIPTION OF ITEMS IN CASE FILE:

1. CAMERON COUNTY SHERIFF'S DEPARTMENT CASE REPORT AND INVESTIGATIVE REPORT DONE BY CHIEF JOE ELIZARDI.
2. STATEMENT OF INVESTIGATOR JOE SAENZ, OBTAINED BY CHIEF ELIZARDI.
3. STATEMENT OF WITNESS/INFORMANT ANTONIO VALLEJO JR.
4. MIRANDA WARNINGS GIVEN TO THE ACCUSED BEFORE INTERVIEW.
5. VOLUNTARY CONFESSION OF THE ACCUSED OBTAINED BY CHIEF ELIZARDI.
6. CAMERON COUNTY SHERIFF'S DEPT. OFFENSE REPORT
7. CAMERON COUNTY SHERIFF'S DEPT. ARREST REPORT
8. NCIC/TCIC AND DRIVERS LICENSE CHECK ON ACCUSED.
9. LOCAL AGENCY CHECK ON ACCUSED.
10. FINGERPRINT CARD OF ACCUSED.
11. MAGISTRATES WARNING GIVEN TO THE ACCUSED NY J.P. TORRES
12. CAMERON CO. SHERIFF'S DEPT. EVIDENCE TAG.
13. COPY OF CIGARETTE PACK AND SUBSTANCE INTRODUCED BY ACCUSED.
14. LAB SUBMISSION FORM.
15. LAB REPORT FROM D.P.S.

| SIGNATURE (AGENT) JOE ELIZARDI | APPROVED (NAME & TITLE) |
|---|---|

# REPORT OF INVESTIGA

| CUE TITLE<br>INTRO. OF CONT. SUBS. INTO A PENAL INST.<br>TX. HEALTH AND SAFETY CODE | FILE NUMBER<br>93-4804 | |
|---|---|---|
| | IDENTIFIER<br>CRIMINAL | PROGRAM CODE<br>N/A |

☐ active ☐ CLOSED ☐ REQUESTED ACTION COMPLETED

☐ ACTION REQUESTED FROM **STATE OF TEXAS**

**OTHER OFFICERS**
INV. JOE SAENZ

BY JOE ELIZARDI
CAMERON COUNTY SHERIFF'S DEPT.

AT 954 E. HARRISON STREET
BROWNSVILLE, TX.

CROSS RELATED FILES

FILE
☐
☐
☐
☐
☐
☐
☐

DATE

REPORT RE

---

## INVESTIGATIVE REPORT

MAY 11, 1993

1. AT APPROXIMATELY 12:30 P/M, I RECEIVED A PHONE CALL AT MY OFFICE FROM AN INFROMANT BY NAME OF ANTONIO VALLEJO JR. VALLEJO ASKED ME IF I WAS INTERESTED IN BUSTING A GUARD THAT WAS GOING TO DELIVER SOME DOPE TO THE JAIL. I SAID YES, THAT I WAS INTERESTED AND I ASKED VALLEJO TO COME BY OFFICE SO WE COULD TALK. VALLEJO HAD ASSISTED ME IN A PRIOR ARREST OF A DETENTION OFFICER, SO I FIGURED HE WAS ON THE LEVEL WITH THIS NEW INFORMATION.

2. AT APPROXIMATELY 1:00 P/M, VALLEJO ARRIVED AT MY OFFICE AND HE BAGAN TO TELL ME HOW A GUARD BY THE NAME OF GUADALUPE LOPEZ APPROACHED HIM AND ASKED HIM TO GET SOME DOPE. VALLEJO SAID THAT LOPEZ WANTED A "PACA CON MOTA" FOR AN INMATE, (PACK OF CIGARETTES W/ DOPE). VALLEJO SAID THAT HE WAS TO MEET LOPEZ LATER ON AT NIGHT TO FINISH SETTING UP THE DEAL. AT THIS TIME VALLEJO ASKED IF WE HAD SOME DOPE SO HE COULD SET IT UP. AT THIS TIME I EXPLAINED THE DEAL TO CHIEF TAPIA SO HE KNEW WHAT I WAS GOING TO DO. I TOOK SOME MARIJUANA AND HANDED IT TO VALLEJO. HE TOOK A NEW PACK OF MARLBORO CIGARETTES AND OPENED IT. HE FIXED THE PACK AND PUT THE MARIJUANA INSIDE THE PACK. AFTER THIS WAS DONE, I TOOK THE PACK AND MARKED IT. I PUT A SMALL LINE UNDER THE WORD CIGARETTE. I THEN RETURNED THE PACK TO VALLEJO. HE THEN AGREED TO CALL ME WITH FURTHER DETAILS. VALLEJO THEN LEFT MY OFFICE. VALLEJO CALLED LATER AND SAID IT WAS SET FOR 9:00 P/M AT THE CO.JAIL

3. AT APPROXIMATELY 6:00 P/M, I CALLED INVESTIGATOR JOE SAENZ AND I ASKED HIM FOR HELP WITH THE SURVEILLANCE. INV. SAENZ AGREED, AND I TOLD HIM TO MEET ME AT THE SHERIFF'S OFFICE AT ABOUT 7:30 P/M.

| DISTRICT<br>CAMERON | SIGNATURE (PREPARER) |
|---|---|
| AREA<br>BROWNSVILLE | JOE ELIZARDI |
| OTHER<br>COUNTY JAIL | APPROVED (NAME & TITLE)                    DATE |

CLE I

CRIMINAL LAW ENFORCEMENT DIVISION
CAMERON COUNTY SHERIFF DEPARTMENT

**CONTINUATION:**

DATE

PAGE        OF

FILE TITLE
INTRO. OF CONT. SUBS. INTO A PENAL INST.

FILE NUMBER
93-4804

| IDENTIFIER | PROGRAM CODE |
|------------|--------------|
| CRIMINAL | N/A |

4. AT ABOUT 7:45 P/M, I PICKED UP INVESTIGATOR SAENZ AT THE SHERIFF'S DEPT. WE LEFT AND I TOLD HIM WHAT I HAD GOING ON. I DIDN'T TELL HIM THE GUARDS NAME AT THIS TIME.

5. AT APPROXIMATELY 9:00 P/M, INV. SAENZ AND I ARRIVED AND PARKED BEHIND THE CO JAIL. WHILE THERE I TOLD HIM THAT THE GUARD WAS DRIVING A BLUE CHEVY IMPALA.

6. AT APPROX. 9:15 P/M, VALLEJO ARRIVED AND TOLD ME THAT EVERYTHING WAS SET TO GO. AT THIS VALLEJO SAID HE HAD MET WITH LOPEZ AND THAT LOPEZ WAS GOING TO ARRIVE A BIT LATE, BUT THAT HE WAS GOING TO ARRIVE. I THEN TOLD VALLEJO THAT I WOULD BE WATCHING HIM WITH SOME FIELD GLASSES (BINOCULARS), AND THAT IF THE EXCHANGE WAS DONE I WANTED HIM TO SHAKE LOPEZ'S HAND. AND THEN I WANTED HIM TO WALK AWAY AND BEND DOWN AS IF TO TIE HIS SHOE. IF HE DIDN'T DO THIS THEN NO DEAL WAS MADE. VALLEJO AGREED AND LEFT TO WAIT FOR LOPEZ.

7. AT APPROX. 9:45 P/M, LOPEZ ARRIVED IN THE BLUE CHEVY. HE PARKED AND I OBSERVED VALLEJO APPROACH LOPEZ. THEY SPOKE FOR A BIT THEN I SAW VALLEJO HAND LOPEZ SOMETHING AND LOPEZ PUT THE ITEM IN HIS SHIRT POCKET. AT THIS TIME VALLEJO SHOOK LOPEZ'S HAND AND WALKED AWAY. THEN VALLEJO BENT DOWN TO TIE HIS SHOE. AT THIS TIME INV. SAENZ AND I RUSHED TO THE JAIL AND WENT INTO THE JAIL THROUGH THE DOOR OPPOSITE OF WHERE LOPEZ WAS ENTERING.

8. AS THE DOOR WAS BEING OPENED FOR US, LOPEZ WAS ALREADY INSIDE THE JAIL. LOPEZ TURNED TOWARDS THE DOOR WHERE WE WERE AT AND HE SAW US. HE IMMEDIATELY WENT TO THE KITCHEN. AS THE DOOR OPENED WE WENT IN AND INV. SAENZ FOLLOWED LOPEZ INTO THE KITCHEN. INV. SAENZ SAW LOPEZ THROW SOMETHING INTO THE TRASH CAN. AT THIS TIME LOPEZ WALKED OUT OF THE KITCHEN AND TOWARDS THE BRIEFING AREA. I FOLLOWED LOPEZ AND WAITED FOR INV. SAENZ TO COME BACK. AFTER A FEW MINUTES, INV. SAENZ CAME AND TOLD ME HE HAD FOUND THE PACK OF CIGARETTES. INV. SAENZ IMMEDIATELY GAVE ME THE PACK OF CIGARETTES. HE THEN LEFT TO THE BOOKING AREA OF THE JAIL. AFTER THE BRIEFING I TOLD MR. LOPEZ THAT I WANTED TO SPEAK TO HIM. HE AGREED, AND EVERYONE ELSE LEFT. AFTER WE WERE ALONE, I SHOWED THE PACK OF CIGARETTES TO MR. LOPEZ. I ASKED HIM IF HE RECOGNIZED THEM, AND HE SAID YES THAT A GUY HAD JUST GIVEN IT TO HIM AND HE TOOK IT. AT THIS TIME I CALLED SGT. JOE OLVERA AND I ASKED HIM TO BE MY WITNESS. I TOOK THE PACK OF CIGARETTES AND OPENED IT IN THE PRESENCE OF LOPEZ AND SGT. OLVERA. FROM WITHIN THE PACK I TOOK A SMALL PLASTIC BAG WHICH CONTAINED MARIJUANA. I SHOWED IT TO LOPEZ AND HE FREAKED OUT. HE IMMEDIATELY DENIED ANY KNOWLEDGE OF IT. AT THIS TIME I TOOK HIM TO THE FRONT OFFICE AND I READ HIM HIS RIGHTS. INV. SAENZ WAS PRESENT DURING THIS. AT THIS TIME I ASKED LOPEZ IF HE WANTED TO GIVE ME A VOLUNTARY CONFESSION AND HE SAID YES. I OBTAINED THE CONFESSION AND HE SIGNED IT IN THE PRESENCE OF INV. SANEZ. AFTER THE CONFESSION WAS OBTAINED, I TOOK LOPEZ BACK INTO THE JAIL AND I HAD HIM BOOKED.

MAY 12, 1993

9. ON THE ABOVE DATE LOPEZ WAS TAKEN BEFORE J.P. TORRES AND ARRAIGNED ON THE AFORESAID CHARGE. BOND WAS SET AT $10,000 DOLLARS. LATER DURING THE DAY HE BONDED OUT.

CRIMINAL LAW ENFORCEMENT DIVISION
CAMERON COUNTY SHERIFF DEPARTMENT

| CONTINUATION: | DATE | | |
|---|---|---|---|
| | | PAGE | OF |

| FILE TITLE | FILE NUMBER | |
|---|---|---|
| INTRO. OF CONT. SUBS. INTO A PENAL INST. | 93-4804 | |
| | IDENTIFIER | PROGRAM CODE |
| | CRIMINAL | N/A |

10. DURING THE AFTERNOON VALLEJO CAME BY THE OFFICE TO GIVE HIS STATEMENT. I OBTAINED HIS STATEMENT AND TOLD HIM I WAS GOING TO GET IT TYPED. HE SAID HE WOULD RETURN LATER DURING THE DAY TO SIGN IT NAD HE NEVER RETURNED. TO THIS DAY I HAVE NOT SEEN NOR HEARD FROM MR. VALLEJO. I HAVE LOOKED FOR HIM AT THE ADDRESS HE GAVE BUT HE NO LONGER LIVES AT SAID ADDRESS. I PLACED A LOOUT FOR HIM BUT TO NO AVAIL.

**MAY 13, 1993**

11. AT THIS TIME I OBTAINED THE NEEDED INFORMATION FOR THE CASE FILE AND PREPARED THE CASE FOR PRESENTATION TO THE D.A.'S OFFICE.

CRIMINAL LAW ENFORCEMENT DIVISION
CAMERON COUNTY SHERIFF DEPARTMENT

THE   STATE   OF   TEXAS |

COUNTY   OF   CAMERON       |

BEFORE ME, THE Undersigned Authority In And For Cameron County, Texas, on this the 12 day of __MAY_____,19 93 ,A.D., did personally appear: ANTONIO VALLEJO JR._____,who after being by me duly sworn,did depose and say: MY NAME IS ANTONIO VALLEJO JR. I RESIDE AT 143 E. MADISON STREET IN BROWNSVILLE, TEXAS. I AM UNEMPLOYED AT THE TIME AND I DO NOT HAVE A PHONE TO BE CONTACTED AT.

SOMETIME DURING THE FIRST DAYS OF MAY, I WAS IN THE CAMERON COUNTY JAIL. WHILE THERE, I MET A GUARD BY THE NAME OF GUADALUPE LOPEZ. ON THE DAYS THAT LOPEZ WORKED DOWNSTAIRS WHERE MY CELL WAS AT, WE USED TO TALK. AFTER LOPEZ GOT TO KNOW ME, HE TOLD ME THAT IF I EVER WANTED TO BUY SOME DOPE HE COULD SCORE IT (GET IT) FOR ME. LOPEZ TOLD ME THAT HE COULD SCORE ANYTHING I WANTED. I THEN ASKED HIM HOW HE WOULD GET IT INTO THE JAIL AND HE TOLD ME NOT TO WORRY ABOUT IT. AS TIME WENT ON I GOT RELEASED FROM JAIL AND THAT WAS THE LAST I SAW OF HIM.

ON TUESDAY, MAY 11, 1993 I WAS WALKING TO A FRIENDS HOUSE ON HORTENCIA ST, HERE IN BRONSVILLE, WHEN A BLUE CHEVY IMPALA DROVE BY ME. THE CAR PULLED OVER TO THE SIDE AND I SAW THAT IT WAS GUARD LOPEZ. AS I APPROACHED THE CAR, LOPEZ CALLED ME AND WE STARTED TO TALK. AFTER A WHILE LOPEZ ASKED ME IF I WANTED TO MAKE SOME MONEY. I ASKED HIM WHAT HE WANTED ME TO DO. LOPEZ TOLD ME THAT HE WANTED A PACA ARREGLADA CON MOTA, (A PACK FIXED WITH MARIJUANA). I TOLD LOPEZ THAT I WOULD TRY TO GET IT FOR HIM. AT THIS TIME LOPEZ TOLD ME TO MEET HIM AT ROSENBAUMS STORE ON HORTENCIA ST.AT 7:30 P/M TO TELL HIM IF I HAD GOTTEN IT. HE TEHN LEFT.

AS SOON AS LOPEZ LEFT, I CALLED JOE ELIZARDI. AT THE SHERIFF'S DEPARTMENT. I TOLD ELIZARDI WHAT LOPEZ WANTED ME TO DO. ELIZARDI TOLD ME TO COME BY HIS OFFICE SO WE COULD TALK.

AT ABOUT 1:00 P/M, I ARRIVED AT ELIZARDI'S OFFICE. I TOLD ELIZARDI HOW EVERYTHING HAD HAPPENED. AT THIS TIME ELIZARDI GAVE ME THE AMOUNT OF MARIJUANA I NEEDED, AND I FIXED IT IN FRONT OF HIM. HE THEN TOOK THE PACK OF CIGARETTES AND MARKED IT ON BOTH SIDES. AFTER THE PACK WAS MARKED AND FIXED, ELIZARDI GAVE IT BACK TO ME AND I LEFT.

AT ABOUT 7:20 P/M, I ARRIVED AT ROSENBAUMS STORE. LOPEZ ARRIVED A WHILE LATER. LOPEZ ASKED ME IF I HAD SCORED AND I TOLD ·HIM YES, BUT THAT I WOULD GIVE HIM THE PACK LATER. I TOLD HIM THAT I DIDN'T HAVE IT WITH ME. AT THIS TIME LOPEZ TOLD ME THAT HE WOULD ARRIVE AT THE COUNTY JAIL AT ABOUT 9:30 P/M, AND FOR ME TO WAIT FOR HIM THERE AND HE WOULD MEET ME OUTSIDE. LOPEZ THEN TOLD ME THAT HE WOULD PAY ME UPON THE EXCHANGE.

AT APPROXIMATELY 9:00 P/M, I ARRIVED AT THE COUNTY JAIL. I WAITED AROUND UNTIL I SAW ELIZARDI'S CAR. I APPROACHED ELIZARDI AND TOLD HIM THAT EVRYTHING WAS READY. ELIZARDI TOLD ME THAT IF THE EXCHANGE WAS DONE, FOR ME TO SHAKE LOPEZ'S HAND AND THAN WALK AWAY AND BEND OVER AS IF I WERE GOING TO TIE MY SHOE LACE. AFTER THIS I WENT BACK TOWARDS THE JAIL.

AT ABOUT 9:45 P/M, I SAW LOPEZ DRIVE UP IN THE BLUE CHEVY. HE PARKED BY THE DRIVEWAY. I WENT UP TO HIM AND HE ASKED FOR THE PACK. I GAVE HIM THE PACK AND HE PUT IT INTO HIS SHIRT POCKET. HE THEN SAID THAT HE WAS GOING TO MAKE THE DELIVERY AND THAT AS SOON AS HE HAD THE MONEY HE WOULD COME BACK OUT AND GIVE MY MY SHARE. AFTER HE SAID THIS I SHOOK HIS HAND AND I WALKED AWAY. I STOPPED AND BENT DOWN TO GIVE ELIZARDI THE SIGNAL. AFTER THAT I DON'T KNOW WHAT HAPPENED.

I WOULD LIKE TO STATE THAT LOPEZ NEVER PAID ME FOR THE DEAL AND THAT I NEVER HAD ANY INTENTION TO DO IT UNLESS I TOLD ELIZARDI ABOUT IT.

Case 1:95-cv-00069   Document 42   Filed in TXSD on 03/08/2001   Page 11 of 25

THE   STATE   OF   TEXAS   |

COUNTY   OF   CAMERON      |

    BEFORE ME, THE Undersigned Authority In And For Cameron County, Texas,
on this the 13 day of __MAY__ ,19 93 ,A.D., did personally appear:

JOE SAENZ _____ ,who after being by me duly sworn,did

depose and say:MY NAME IS JOE SAENZ. I AM EMPLOYED BY THE CAMERON COUNTY SHERIFF'S
DEPARTMENT ASSIGNED TO THE CRIMINAL INVESTIGATIVE DIVISION AS AN INVESTIGATOR. I
CAN BE FOUND AT 954 E. HARRISON STREET IN BROWNSVILLE, TX. I CAN BE REACHED BY PHONE
AT (210) 544-0860.

    ON TUESDAY, MAY 11, 1993 AT APPROXIMATELY 6:00 P/M, I WAS CONTACTED BY THE
CHIEF JAILER JOE ELIZARDI. JOE ASKED IF I COULD ASSIST HIM WITH A SURVEILLANCE OF
A DETENTION OFFICER. I SAID YES, AND HE TOLD ME THAT HE WOULD FILL ME IN ON ALL THE
DETAILS WHEN WE MET. WE AGREED TO MEET AT THE SHERIFF'S OFFICE AT APPROXIMATELY
7:30 P/M.

    AT ABOUT 7:45 P/M, I MET WITH JOE AT THE SHERIFF'S OFFICE. WE TOOK OFF FROM THERE
AND HE STARTED TO TELL ME ABOUT THE DEAL. JOE SAID THAT AN EX INMATE WAS APPROACHED
BY A GUARD WHO WANTED TO BUY SOME DOPE. JOE SAID THAT THE GUARD WAS GOING TO MEET
WITH THE INMATE OUTSIDE THE COUNTY JAIL AT ABOUT 9:30 P/M. JOE SAID THAT THE DOPE
WAS TO BE DELIVERED IN A PACK OF CIGARETTES.

    JOE AND I SET UP NEAR THE BACK SIDE OF THE COUNTY JAIL AND WAITED FOR THE TIME
OF THE EXCHANGE. AT APPROXIMATELY 9:00 P/M, SOME OF THE OTHER DETENTION OFFICERS
BAGAN TO ARRIVE.

    AT ABOUT 9:15 P/M, THE EX INMATE WHOSE NAME  IS ANTONIO VALLEJO JR. APPROACHED
US AND TOLD US THAT EVERYTHING WAS SET TO GO. HE SAID THAT THE GUARD WAS GOING TO
ARRIVE LATE AND THAT WAS WHEN THE EXCHANGE WOULD BE MADE. AT THIS TIME JOE TOLD ME
THE NAME OF THE GUARD WAS GUADALUPE LOPEZ. AT THIS TIME VALLEJO LEFT US AND WENT TO
WAIT FOR GUARD LOPEZ.

    AT APPROXIMATELY 9:45 P/M, GUARD LOPEZ ARRIVED IN A OLD BLUE CHEVY CAR. HE PARKED
ALONG THE DRIVEWAY OF THE JAIL. I OBSERVED VALLEJO APPROACH LOPEZ AND HAND SOMETHING TO
HIM. AT THIS TIME VALLEJO SHOKE LOPEZ'S HAND AND WALKED AWAY. AS VALLEJO WALKED AWAY
HE SIGNALED US TO LET US KNOW THAT THE EXCHANGE HAD BEEN MADE.

    AT THIS TIME JOE AND I IMMEDIATELY WENT TO THE COUNTY JAIL AND ENTERED. I OBSERVED
LOPEZ WALKING TOWARDS THE KITCHEN AREA. AS THE DOOR WAS OPENING, LOPEZ TURNED AND SAW
US AND HE WENT INSIDE THE KITCHEN. AS I WENT TOWARDS HIM, I SAW HIM THROW SOMETHING
AWAY IN THE TRASH CAN. I TOOK A CUP AND GOT A DRINK OF WATER AS LOPEZ WALKED AWAY FROM
THE KITCHEN. AS SOON AS HE WAS OUT OF SIGHT, I LOOKED INTO THE TRASH CAN AND I SAW A
PACK OF MARLBOROS  (CIGARETTES) IN THE TRASH CAN. I PICKED IT UP AND SAW THAT IT WAS
MARKED WHERE JOE HAD TOLD ME HE MADE A MARK. I PICKED UP THE PACK OF CIGARETTES
AND WENT OVER TO WHERE JOE WAS AT. I IMMEDIATELY HANDED IT TO HIM. AT THIS TIME I
STAYED BY THE BOOKING OFFICE AND WAITED FOR JOE.

    AFTER A WHILE, JOE CAME BACK WITH GUARD LOPEZ AND WE ESCORTED HIM TO THE FRONT
OFFICE WHERE JOE READ HIM HIS RIGHTS AND THEN OBTAINED A CONFESSION FROM HIM. I
WITNESSED GUARD LOPEZ SIGNATURE ON THE CONFESSION AND ON THE MIRANDA WARNING CARD.
AFTER JOE FINISHED WITH LOPEZ HE WAS TAKEN TO THE JAIL AND BOOKED.



**ALEX F. PEREZ**
CAMERON COUNTY SHERIFF

CAMERON COUNTY SHERIFF'S DEPARTMENT
954 E. HARRISON ST.
BROWNSVILLE, TEXAS 78520
(512) 544-0860

*"HELP US TO SERVE YOU BETTER"*

**WARNING TO BE GIVEN BEFORE TAKING
ANY ORAL OR WRITTEN CONFESSION**

(1)  You have the right to have a lawyer present to advise you either prior to any questioning or during any questioning.

(2)  If you are unable to employ a lawyer, you have the right to have a lawyer appointed to counsel with you prior to or during any questioning, and

(3)  You have the right to remain silent and not make any statement at all and that any statement you make may and probably will be used in evidence against you at your trial.

(4)  You have the right to terminate the interview at any time.

The Code provides the officer who takes the statement must give the accused the warning. The accused must then knowingly, intelligently and voluntarily waive his right to counsel and his right to remain silent. Failure to comply will void a confession

I have been given my Rights by Officer _____

_Joe Elizardi_

and fully understand them.

Signed X _____

Date _5-11-93_   Time _10:30 pm_

Witness: _____

VOLUNTARY STATEMENT OF ACCUSED

I, GUADALUPE LOPEZ                              , having been warned by JOE ELIZARDI
                            , whose occupation is a DEPUTY SHERIFF                    ,
at o'clock10:44PM., on the 11 day of MAY          , 1993   , atBROWNSVILLE       ,
Cameron County, Texas, (1) that I have the right to remain silent and not make
any statement at all and that any statement that I make may be used against me
at my trial or trials; (2) that any statement I make may be used as evidence
against me in court; (3) that I have the right to have a lawyer present to
advise me prior to and during any questioning; (4) that If I am unable to employ
a lawyer, I have the right to have a lawyer appointed to advise me prior to and
during any questioning; and (5) that I have the right to terminate the interview
at any time. I understand all of my rights as stated above, and now that I know
my rights it is my choice to voluntarily give them up and to freely, intelligently,
and knowingly make the following statement. MY NAME IS GUADALUPE C. LOPEZ. MY DATE
OF BIRTH JUNE 02, 1965. I RESIDE AT 715 MILPA VERDE ST IN BROWNSVILLE, TEXAS. I CAN
BE REACHED AT (210) 982-7843.


ON SATURDAY MAY 8, 1993 AT APPROXIMATELY 11:00 P/M OR 12:00 A/M, I WAS WORKING
AT THE COUNTY JAIL FIRST FLOOR. AT THIS TIME, I STARTED TALKING WITH AN INMATE BY THE
NAME OF ANTONIO VALLEJO. VALLEJO STARTED ASKING ME FOR MONEY SO THAT HE COULD GET
OUT ON BOND. HE TOLD ME THAT HE NEEDED $250.00 DOLLARS. VALLEJO THEN TOLD ME THAT IF
I GAVE HIM THE MONEY HE WOULD GIVE ME SOME GOLD JEWELRY IN RETURN. HE SAID HE WOULD
GIVE ME A BRACELET, AN ANCHOR, AND A GOLD NECKLACE. HE THEN SAID THAT SINCE IT WAS
MOTHERS DAY, HE WOULD EVEN THROW IN A GOLD RING FOR MY MOTHER.

ON SUNDAY (5/9/93) I WENT BY VALLEJOS UNCLES HOUSE ON 27 AND SOUTHMOST ROAD. I
PICKED UP THE OLD MAN AND WE WENT TO THE ECONOMY STORE. AT THE STORE I BOUGHT A MONEY
ORDER FOR $250.00 DOLLARS. I GAVE IT TO THE OLD MAN AND THEN I DROVE HIM TO THE JAIL
SO HE COULS DEPOSIT THE MONEY INTO VALLEJOS ACCOUNT. AFTER THE OLD MAN DEPOSITED THE
MONEY I GAVE HIM A RIDE BACK HOME.

VALLEJO HAD AGREED TO MEET ME AT LAS PALMAS BACKERY ON PALM BLVD SO HE COULD GIVE
ME THE GOLD JEWELRY. WE AGREED TO MEET AT 12:00 P/M (NOON). VALLEJO NEVER SHOWED UP
SO I WENT HOME.

ON SUNDAY (5/9/93) I CAME INTO WORK AT ABOUT 9:45 P/M. I SAW VALLEJO STANDING
IN THE CELL. HE TOLD ME THAT HE HAD NOT GOTTEN OUT BUT THAT ON MONDAY, HE WOULD GIVE
ME THE STUFF. THAT WAS ALL THAT WAS SAID.

TODAY TUESDAY (5/11/93) AT ABOUT 4:00 A/M, VALLEJO CALLED ME AT WORK. HE TOLD
ME THAT HE HAD MY STUFF, AND THEN HE ASKED ME FOR $30 DOLLARS. I TOLD HIM THAT I DID
NOT HAVE THE $30 DOLLARS BUT THAT I COULD GIVE HIM $25 DOLLARS HE AGREED SO HE TOLD ME
TO MEET HIM AT THE BAKERY AT ABOUT 6:15 A/M. AS SOON AS I GOT OUT OF WORK, I WENT TO THE
BAKERY AND GAVE VALLEJO THE MONEY.

TODAY TUESDAY,(5/11/93) AS I ARRIVED AT WORK AT ABOUT 9:45 P/M, I WAS APPROACHED
BY VALLEJO. VALLEJO GAVE ME A BOX AND TOLD ME THAT THE JEWELRY WAS INSIDE. HE THEN
ASKED ME TO DO A FAVOR FOR HIM AND I ASID YES. HE GAVE ME A PACK OF MARLBOROS AND TOLD
ME TO GIVE THEM TO A GUY IN THE LARGE HOLDING. VALLEJO SAID THAT THE GUY HAD A BEARD.
VALLEJO THEN TOLD ME THE GUYS NAME BUT I CAN'T REMEMBER IT RIGHT KNOW. I GOT THE PACK
AND PUT IT IN MY LEFT FRONT SHIRT POCKET. I CAME INTO THE JAIL AND WENT STRAIGHT TO
THE KITCHEN. I GOT THE PACK OF CIGARETTES AND THREW THEM AWAY IN THE TRASH CAN. I THEN
REPORTED TO THE BRIEFING AREA. AT THIS TIME I SAW CHIEF ELIZARDI AND HE AND SGT. OLVERA
ASKED TO SPEAK TO ME. THEN THEY SHOWED ME THE PACK OF CIGARETTES THAT I BROUGHT IN.
CHIEF ELIZARDI OPENED THE PACK, AND IT CONTAINED CONTRABAND. IT APPEARED TO BE MARIJUANA.

THIS IS A TRUE AND CORRECT STATEMENT, AND I WAS NOT THREATENED NOR PROMISED ANYTHING
IN RETURN FOR IT.

# CAMERON COUNTY SHERIFF'S DEPARTMENT
## OFFENSE FORM 1

☐ JUVENILE INVOLVED

Case: 93-4804

| 1 Type of Offense | | 3 UCR Code |
|---|---|---|
| introduction of a controled substance into a penal institution | ☐ Felony  ☐ Misdemeanor | |
| **2.**Type Of Offense | ☐ Felony  ☐ Misdemeanor | 4 |

| 5.Grid | 6.Patrol Area | 7.Shift | 8.Offense Occurred | |
|---|---|---|---|---|
| city | Brownsville | 8:00 a/m  5:00 p/m | Earliest | Latest |

| 9 Date Offense Reported | 10.Time Offense Reported | Date 5/11/93 | Date 5/11/93 |
|---|---|---|---|
| May 11, 1993 | 9:45 p/m | Time 9:30 p/m | Time 10:00 p/m |

| 11.Location of Offense(Street Address) | |
|---|---|
| 954 E. Harrison St. | |

| 12.Firm Name(If Commercial) | 13.Day(s) of Week of Occurence |
|---|---|
| Cameron County Jail | S M T W T F S |

| 14 Victim's Name(Last,First,Middle) | 15.Residence Address | 16.Res Phone |
|---|---|---|
| STATE OF TEXAS | 954 E. HARRISON STREET | |

| 17.Victim DOB | 18.Sex | 19.Race | 20.Employer/School | 21.Business/SchoolAddress | 22.Bus Phone |
|---|---|---|---|---|---|
| XXXXXX | X | X | N/A | N/A | |

| 23. ☐ V  ☒ RP  ☐ W  ☐ P | 24.Name(Last,First,Middle) | 25.Residence Address | 26.Res Phone |
|---|---|---|---|
| | Elizardi  Joe | 954 E. Harrison St. | |

| 27 DOB | 28.Sex | 29.Race | 30.Employer/School | 31.Business/School Address | 32 Bus Phone |
|---|---|---|---|---|---|
| Adult | M | W | C.C.S.O. | | 544-0860 |

| 33.Victim/Suspect Relationship | 34.Place of Attack |
|---|---|
| I  II ☐ ☐ Stranger  ☒ ☒ Acquaintance  ☐ ☐ Relative | ☐ A Unknown  ☐ D Other Structure  ☐ G Street/Alley  ☐ J Other  ☐ B Residence  ☐ E Vehicle  ☐ H Lot/Park/Yard  ☐ C Business  ☐ F Boat  ☐ I Open Space |

| 35. Status | 36.Qty. | 37.Article | 38. Brand,Make Or Manufacturer | 39.ModelName And Number | 40.Description (Color,Size) | 41.Serial No. or OAN | 42 Value |
|---|---|---|---|---|---|---|---|
| ☐E ☐S ☐R ☐D | 1 | pack | marlboros | containing a | small amount | of green leafy | subs. |
| ☐E ☐S ☐R ☐D | | | | | | | |
| ☐E ☐S ☐R ☐D | | | | | | | |
| ☐E ☐S ☐R ☐D | | | | | | | |
| ☐E ☐S ☐R ☐D | | | | | | | |
| ☐E ☐S ☐R ☐D | | | | | | | |
| ☐E ☐S ☐R ☐D | | | | | | | |

| ☐E ☐S ☐R ☐D | 43.License No. | 44.State | 45.Veh.Yr. | 46.Make | 47.Model | 48.Color/Color | 49 Value |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 50.VIN Number | 51.Vehicle Marks/Damage/Decals/Comments |
|---|---|
| | |

Narrative of Offense(Attach Additional Narrative If Needed)

ON THE ABOVE DATE AND APPROXIMATED TIME, A KNOW PERSON INTENTIONALLY AND OR KNOWINGLY ENTERED THE CAMERON COUNTY JAIL WITH A CONTROLED SUBSTANCE ON HIS PERSON. THE SUBSTANCE WAS INTENDED FOR DELIVERY TO AN INMATE.

| Evidence Disposition | | 55.Disposition |
|---|---|---|
| Solvability Factors | ☐ Susp.Arrested  ☐ Susp.Described  ☐ Vehicle Described  ☐ Significant MO Present  No. of Suspects ___  ☐ Susp.Known  ☐ Witness To Crime  ☐ Evidence Found  ☐ Rape/Injury to Victim  No. of Victims ___  ☐ Susp.Locatable  ☐ Tag Number Known  ☐ Property Traceable  ☐ Recommend Follow-Up | ☐ A Cleared Adult Arrest  ☐ B Cleared Exceptional Adt  ☐ C Cleared Juvenile Custody  ☐ D Cleared Exceptional Juv  ☐ E Unfounded  ☐ F Other Cleared Exception  ☐ G Suspended Closed |

| Reporting Officer | 57 Division | 58 Reviewing Supervisor: | 59 Disposition Date |
|---|---|---|---|
| 1A12 Name J. ELIZARDI | JAIL DIV. | No.    Name | |
| Investigating Officer  Name | 61.Date/Time Assigned | 62 Attachments  ☐ Offense Form II  ☐ Custody Form  ☐ Narrative | |

| te = Records | Canary = State UCR | Pink = Court/Detectives | Gold = Shift Capt/Jail | Page ___ of ___ |
|---|---|---|---|---|

Case 1:95-cv-00XXX   Document 42   Filed in TXSD on 03/08/2001   Page 15 of 25

ARREST REPORT

# CAMERON COUNTY SHERIFF'S OFFICE
## BROWNSVILLE, TEXAS

11. 21-27 Reporting Area — BROWNSVILLE
12. 61-62 Docket Number — 93-4804

4. Citizen of U.S.? ☒ Yes ☐ No
5. Legality in U.S.? ☐ Yes ☐ No

6. 48-60 Address — 654 HORTENCIA STREET
City — BROWNSVILLE   State — TX

14. 20 Sex — M   21 Race — W   Age — 24
18. Place of Birth — BROWNSVILLE, TX.
7. Time Booked — 11:22P
8. Warning Given? By J. ELIZARDI
15. Booking Officer

16. Printed? ☐ Yes ☐ No   17. Photographed? ☒ Yes ☐ No

22. SSN or CCN — 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
19. 16 Occupation — JAILER
20. Place of Employment — C.C.S.O. JAIL DIV.

13. 16 Authority to Arrest (Check 2)
☐ On Call  ☐ On Sight  ☐ Warrant  ☐ Citation/Summons  ☐ Other

21. Location of Arrestee/Arrestee's Person's Vehicle (If Impounded)

23. Driver's License Number — 10006928
24. State Issued — TX
25. Expiration Date

Date of Birth — 6/2/68
Height — 5'11"   Weight — 230
Hair — BLK   Eyes — BRN   Compl. — MED

27. Vehicles  Color   Year   Make   Body Style   License Number

26. Scars, Tattoos, Marks, and Deformities
Left Arm and Hand
Right Arm and Hand
Neck · Face · Head
Body · Deformity

28. 39-42 Charges — INTRO. OF CONT. SUBS. INTO PENAL INST.
29. 26-34 Place of Arrest — CAMERON CO. JAIL
30. 19-23 Date Arr. — 5/11/93   31. 17-18 Time and — 9:45 P/M   32. 25 Day of Wk — TUESDAY
46. Hold for

37. Telephone Number
40. Telephone Number
42. Address

33. Name of Victim — STATE OF TEXAS
34. Address of Victim — 954 E. HARRISON ST.
39. Address of Witness — SAME
35. Name of Witness

43. Tel. No.

44. Juvenile Parent or Guardian Notified
45. Name of CID Agan.

41. Name of Next of Kin
51. Emp. No.   41.

50. Indexed by
47. Coded by

48. Emp. No.  49. Date   1 Res.   1 Bus.

54. Emp. No.   55. Date
57. Emp. No.   58. Date

43. 48 Arresting Officer — JOE SAENZ
53. Report Made by — JOE ELIZARDI
56. Supervisor — JOE ELIZARDI

Emp. No.   Date Notified   Time Notified

Date of Offense
Physical Evidence — Report Attached  ( ) Yes  ( ) No

MAY 11, 1993
Narrative Details of arrest (Use Reverse Side If Necessary)

ON THE ABOVE DATE AND APPROXIMATED TIME, THE ABOVE NAMED PERSON, INTENTIONALLY AND KNOWINGLY ENTERED THE CAMERON COUNTY JAIL WITH AN AMOUNT OF CONTROLLED SUBSTANCE. THE DEFENDANT WAS TO DELIVER OR KNOWINGLY ENTERED THE CAMERON COUNTY JAIL WITH AN AMOUNT OF CONTROLLED SUBSTANCE. SAID SUBSTANCE TO AN INMATE IN THE COUNTY JAIL.

COURT DISPOSITION

| Bond Amount | Released on Bond by | | 61. Date | 62. Time | 63. By |
|---|---|---|---|---|---|

Cash Bond ☐
Surety Bond ☐
Personal Bond ☐
Amount Fine Paid

Return Date   Released By
Total Fine
Jail Time Served

65. J.P. Court Pct. No.   Transferred To   Date   Cause No.

60. How Released
Transferred By
Other Disposition and/or Remarks
(Date · Warrant Number)

64.

#AR-1 01/83

RECORDS COPY (WHITE)     COURT COPY (YELLOW)     CID COPY (PINK)

Case 1:95-cv-00069   Document 42   Filed in TXSD on 03/08/2001   Page 16 of 25

# ARREST REPORT
## CAMERON COUNTY SHERIFF'S OFFICE
### BROWNSVILLE, TEXAS

1. Case Number: 03/804
11. Reporting Area: BROWNSVILLE
12. Docket Number: 6142

1. Name Last: LOPEZ  First: GUADALUPE  Middle:
2. 14 BPD No.
3. Alias and/or Nickname:
6. Address: 654 HORTENCIA STREET  City: BROWNSVILLE  State: TX
4. Citizen of U.S.? Yes ☒ No ☐
5. Legally in U.S.? Yes ☒ No ☐
14. Race: W  Sex: M  Age: 24  Date of Birth: 6/2/68
Height: 5'11"  Weight: 230  Hair: BLK  Eyes: BRN  Compl.: MED
18. Place of Birth: BROWNSVILLE, TX.
19. Occupation: JAILER  20. Place of Employment: C.C.S.O. JAIL DIV.
7. Time Booked: 11:222  8. Warning Given? Yes ☒ No ☐  By: J. ELIZARDI
15. Booking Officer
16. Printed? ☒ Yes ☐ No  17. Photographed? ☐ Yes ☒ No
22. SSN or CCN: 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
23. Driver's License Number: 10006928
24. State Issued: TX
25. Expiration Date:
21. Location of Arrested Person's Vehicle (if impounded)
27. Vehicle: Color  Make  Year  Body Style  License Number  State  Year

13. 34 Authority for Arrest (Check 2)
☐ On Call  ☐ On Sight  ☐ Warrant  ☐ Citation/Summons  ☐ Other

26. Tattoos, Scars, Marks, and Deformities:
Left Arm and Hand
Right Arm and Hand
Neck · Face · Head·  Res.  Bus.
Body · Deformity

28. Charges: INTRO. OF CONT. SUBS. INTO PENAL INST.
29. Place of Arrest: CAMERON CO. JAIL
30. Date Arr.: 5/11/93  31. Time Arr: 9:45 P/M  32. Day of Wk: TUESDAY  46. Hold for:

35. Name of Victim: STATE OF TEXAS
36. Address of Victim: 954 E. HARRISON ST.
38. Name of Witness: JOE SAENZ
39. Address of Witness: SAME
43 & 48 Arresting Officer: JOE ELIZARDI
41. Name of Next of Kin
44. Juvenile Parent or Guardian Notified
45. Name of CID Asgn.
37. Telephone Number
40. Telephone Number  42. Address
43. Tel. No.
53. Report Made by: JOE ELIZARDI
56. Supervisor:
51. Emp. No.  54. Emp. No.  55. Date
57. Emp. No.  58. Date
Emp. No.  Date Notified  Time Notified
50. Indexed by: ____  Emp. No. ____  Date ____
47. Coded By: ____  Emp. No. ____  49. Date ____

Physical Evidence — Report Attached [ ] Yes [ ] No

Date of Offense: MAY 11, 1993

Narrative Details of arrest (Use Reverse Side if Necessary)

ON THE ABOVE DATE AND APPROXIMATE TIME, THE ABOVE NAMED PERSON, INTENTIONALLY AND

OR KNOWINGLY ENTERED THE CAMERON COUNTY JAIL WITH AN AMOUNT OF CONTROLLED SUBSTANCE, THE DEFENDANT WAS TO DELIVER

SAID SUBSTANCE TO AN INMATE IN THE COUNTY JAIL.

60. How Released:

## COURT DISPOSITION

| | Bond Amount | Return Date | Released on Bond By | 61. Date | 63. By |
|---|---|---|---|---|---|
| ☐ Cash Bond | | | | | |
| ☐ Surety Bond | | | | | |
| ☐ Personal Bond | Total Fine | | Released By | 65. J.P. Court Pct. No. | Transferred To | (Date · Warrant Number) | Transferred By | Cause No. |
| Amount Fine Paid | Jail Time Served | | | Other Disposition and/or Remarks | | | |

# CAMERON COUNTY PRISONER'S JAIL RECORD

| NAME | | | S.S. NO. | DRIVER LIC. NO. | MARITAL STATUS |
|---|---|---|---|---|---|
| LOPEZ GUADALUPE | | | | | SINGLE |

| STREET ADDRESS | CITY-STATE-ZIP | OCCUPATION |
|---|---|---|
| 454 MONTERREY | BROWNSVILLE TEXAS | JAILER |

| ALIAS | | AGE | RACE | SEX | EYES | HAIR | HEIGHT | WEIGHT |
|---|---|---|---|---|---|---|---|---|
| | | 24 | H | M | BRO | BL | 05'11" | 230 |

| DATE OF BIRTH | PLACE OF BIRTH | COMMENTS |
|---|---|---|
| 05/10/68 | BROWNSVILLE TEXAS | |

| COMPLEXION | ARRESTING OFFICER | ARRESTING AGENCY | DATE BOOKED | TIME BOOKED |
|---|---|---|---|---|
| MED | SAUEZ | CCSO | 05/11/93 | 11:22P |

| DATE OF OFFENSE # 1 | OFFENSE # 1 | ADMITTED |
|---|---|---|
| 05/11/93 | INTRO OF CONTROLLED SUBSTANCE INTO PENAL INSTIT. | |

| DATE OF OFFENSE # 2 | OFFENSE # 2 |
|---|---|
| | |

| DATE OF OFFENSE # 3 | OFFENSE # 3 |
|---|---|
| | |

| DATE OF OFFENSE # 4 | OFFENSE # 4 | RELEASED |
|---|---|---|
| | | |

| HOLD FOR |
|---|
| |

| ENTERING R/I PRINT | RELEASING R/I PRINT | BOOKING OFFICER |
|---|---|---|
| | | REMARKS |
| | | LOPEZ GUADALUPE |

# CAMERON COUNTY PRISONER'S JAIL RECORD

| NAME | | | S.S. NO. | DRIVER LIC. NO. | MARITAL STATUS |
|---|---|---|---|---|---|
| LOPEZ GUADALUPE | | | | | SINGLE |

| STREET ADDRESS | CITY STATE ZIP | OCCUPATION |
|---|---|---|
| 454 MONTERREY | BROWNSVILLE TEXAS | JAILER |

| ALIAS | | AGE | RACE | SEX | EYES | HAIR | HEIGHT | WEIGHT |
|---|---|---|---|---|---|---|---|---|
| | | 24 | H | M | BRO | BLK | 05'11" | 230 |

| DATE OF BIRTH | PLACE OF BIRTH | COMMENTS |
|---|---|---|
| 05/10/68 | BROWNSVILLE TEXAS | |

| COMPLEXION | ARRESTING OFFICER | ARRESTING AGENCY | DATE BOOKED | TIME BOOKED |
|---|---|---|---|---|
| MED | SAUEZ | CCSO | 05/11/93 | 11:22P |

| DATE OF OFFENSE # 1 | OFFENSE # 1 | ADMITTED |
|---|---|---|
| 05/11/93 | INTRO OF CONTROLLED SUBSTANCE INTO PENAL INSTIT. | |

| DATE OF OFFENSE # 2 | OFFENSE # 2 |
|---|---|
| | |

| DATE OF OFFENSE # 3 | OFFENSE # 3 |
|---|---|
| | |

| DATE OF OFFENSE # 4 | OFFENSE # 4 | RELEASED |
|---|---|---|
| | | |

| HOLD FOR |
|---|
| |

| ENTERING R/I PRINT | RELEASING R/I PRINT | BOOKING OFFICER |
|---|---|---|
| | | REMARKS |
| | | LOPEZ GUADALUPE |

ORBVSZ .
ARCH ON 10006928
PEZ,GUADALUPE CRISTOBAL
HITE M 060265 5-09 159 BROWN   BROWN
4 HORTENCIA BROWNSVILLE     78521
10006928 REST        ENDR        CLASS C      EXP DATE 060295
RRENT STATUS
EAR
HISTORY THIS RECORD
NO WARRANT RECORD ***
*** START OUT OF STATE HISTORY ******
OUT OF STATE HISTORY
**** END OUT OF STATE HISTORY *******
OF MSG
PUT MSG 088,      FROM TIC# FOR BVSZ    07/13/93 08:25

SEMINATED ON TLETS FOR CRIMINAL JUSTICE PURPOSES ONLY

IBVSZ
310000
NCIC WANT DOB/060265 NAM/LOPEZ,GUADALUPE CRISTOBAL SEX/M RAC/W
PUT MSG 091,      FROM NIC# FOR BVSZ    07/13/93 08:26

SEMINATED ON TLETS FOR CRIMINAL JUSTICE PURPOSES ONLY

BVSZ .NO RECORD TCIC
X0310000.NAM/LOPEZ,GUADALUPE CRISTOBAL.SEX/M.RAC/W.DOB/060265.PUR/C.
CHIEF JAILER ELIZARDI.OPR/SGT ARRIAGA
UT MSG 092,      FROM TIC# FOR BVSZ    07/13/93 08:28

EMINATED ON TLETS FOR CRIMINAL JUSTICE PURPOSES ONLY

LEAVE BLANK

TYPE OR PRINT ALL INFORMATION IN BLACK
LAST NAME NAM          FIRST NAME          MIDDLE

LEAVE BLANK

STATE USAGE

ALIASES

TX0310000

SO
BROWNSVILLE TX

DATE OF BIRTH DOB

SIGNATURE OF PERSON FINGERPRINTED

THIS DATA MAY BE COMPUTERIZED IN LOCAL, STATE AND NATIONAL FILES

DATE ARRESTED OR RECEIVED  DOA        SEX   RACE   HGT.   WGT.   EYES   HAIR

PLACE OF BIRTH POB

DATE        SIGNATURE OF OFFICIAL TAKING FINGERPRINTS

5 11-98         Geo Oliver

YOUR NO. OCA

LEAVE BLANK

CHARGE

FBI NO. FPI

SID NO. SID

FINAL DISPOSITION

SOCIAL SECURITY NO. SOC

FBI

NCIC CLASS - FPC

CAUTION



1. R. THUMB     2. R. INDEX     3. R. MIDDLE     4. R. RING     5. R. LITTLE

6. L. THUMB     7. L. INDEX     8. L. MIDDLE     9. L. RING     10. L. LITTLE

LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY     L. THUMB     R. THUMB     RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY

# MAGISTRATE'S  WARNING

THE STATE OF TEXAS

COUNTY OF CAMERON

This is to certify that on _____ MAY   12 _____ , 199 3 ,

at  INSTANTER  o'clock ____M., _____ GUADALUPE C. LOPEZ _____

appeared before me in  CAMERON COUNTY COURTHOUSE  Cameron County, Texas,

at which time and place I administered to him the warnings required by Article 15.17 of the

Texas Code of Criminal Procedure, by informing him in clear language, (1) of the accusation

against him, (2) of my affidavit filed therewith, (3) of his right to retain counsel, (4) of his right

to remain silent, (5) of his right to have his attorney present during any interview with peace

officers or attorneys representing the State, (6) of his right to terminate the interview at any time,

(7) of his right to request appointment of counsel if he is indigent and cannot afford counsel,

(8) of his right to have an examining trial, (9) that he is not required to make a statement (or

take a polygraph examination or give a specimen of his handwriting), and (10) that any statement

made by him (or any handwriting done by him) may be used against him.  I further informed him

that he would be granted a reasonable time and opportunity to consult counsel if he desired.

I further certify that I am the duly elected or appointed _____ JUSTICE OF THE PEACE _____

of Cameron County, Texas.

Witness my hand this  12th  day of _____ MAY _____ 199 3 .

_____
Magistrate

OFFENSE:



ALEX F. PEREZ
CAMERON COUNTY SHERIFF

CAMERON COUNTY SHERIFF'S DEPARTMENT
954 E. HARRISON ST.
BROWNSVILLE, TEXAS 78520
(512) 544-0860

*"HELP US TO SERVE YOU BETTER"*

CASE # 93-4804

**EVIDENCE TAG / SHERIFF'S DEPARTMENT**

**DESCRIPTION OF PROPERTY**

LINE #

DATE BOOKED 5-12-93

OFFENSE  Intro to Penal Inst.

BIN #

# PIECES  1

CASH  -0-

TAKEN FROM  Guadalupe Lopez

LOCATION  Kitchen Area

OWNER

Booked in by (Officer) J. Elizardi

RECEIVED BY

DATE RECEIVED  5/12/93

1 pk of Marlboro
cigarettes w/ green
leafy substance

I AUTHORIZE FOLLOWING DISPOSITION OF PROPERTY: REL. TO

OWNER _____ DESTROY _____ REL. TO _____

PERSON TO PICK UP PROPERTY HAS _____ HAS NOT _____ BEEN NOTIFIED

OFFICER IN CHARGE OF CASE _____ DATE _____





LAB/c-1 (8/84)

## CONTROLLED SUBSTANCES SUBMISSION AND REPORT

### (Please type or print legibly)

JSPECT (Full name, sex, and color) ___ LOPEZ, GUADALUPE W/M ___

FFENSE __ INTRODUCTION OF A CONTROLLED SUBSTANCE INTO A PENAL INSTITUTION __

OUNTY OF OFFENSE __ CAMERON __                          OFFENSE DATE __ MAY 11, 1993 __

UBMITTING
FFICER __ GERARDO RAMIREZ __
GENCY __ CAMERON COUNTY SHERIFF'S DEPT. __          SUBMITTING AGENCY
DDRESS __ 954 E. HARRISON ST. __                   FILE NUMBER __ 93-4804 __
ITY, STATE __ BROWNSVILLE, TEXAS __   ZIP __ 78520 __   DATE _____

| EXHIBIT NO. | QUANTITY | EVIDENCE SUBMITTED (DESCRIBE FULLY: CIGARETTES, CAPSULES, TABLETS, MARKS, ETC.) | STATE SPECIFIC SUBSTANCE SUSPECTED |
|---|---|---|---|
| 1 | | SMALL CLEAR PLASTIC WRAP WITH A GRN LEAFY SUBST. INSIDE OF A PACKAGE OF MARLBORO CIGARETTES | Marihuana |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

RECEIVED

MAY 12 1993

### LABORATORY REPORT

### Texas Department of Public Safety Laboratory

ate _____                    _____, Texas _____
                                    (To be completed by Laboratory)          Laboratory Case No.

| EXHIBIT NO. | ANALYSIS RESULTS | NET WEIGHT |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

MARKS:

# TEXAS DEPARTMENT OF PUBLIC SAFETY



**JAMES R. WILSON**
**DIRECTOR**

**CRIME LABORATORY**
**PO BOX 819**
**McALLEN, TEXAS 78505-0819**
**210-682-5556**

May 19, 1993



**DUDLEY M. THOMAS**
**ASST. DIRECTOR**

Gerardo Ramirez
Cameron County Sheriff's Office
954 East Harrison
Brownsville, Texas 78520

| Laboratory Case Number | Agency Number | Offense Date |
|---|---|---|
| L3M-28522 | 93-4804 | 05/11/93 |

**Suspect(s)**

Lopez, Guadalupe

**Offense:** Controlled Substance Offense
**County of Offense:** Cameron (031)
**Received:** May 12, 1993 in Person from G. Ramirez

**Results of Analysis:**

| Exhibit | Net Weight | Result |
|---|---|---|
| 1 | 3.10 g ( 0.10 oz) | Marihuana |

Joe H. Marchan
Supervising Criminalist II
Texas DPS Field Crime Laboratory

