# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# -BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| GUADALUPE LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| CAMERON COUNTY, TEXAS; | § | |
| ALEX PEREZ, individually and in his | § | |
| official capacity as Sheriff; JOE | § | CIVIL ACTION NO. B-95-069 |
| ELIZARDI, individually and in his | § | |
| official capacity as Chief Jailer; and, | § | |
| ANTONIO VALLEJO, individually | § | |
| and in his official capacity as a paid | § | |
| informant, | § | |
| | § | |
| Defendants. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Motion for Summary Judgment (Docket No. 37). For the reasons detailed below, it is recommended that defendants' motion be granted.

## BACKGROUND

The following factual summary is derived from a reading of the aforementioned motion and pleadings. On May 11, 1993, Joe Elizardi, the Chief Jailer for the Cameron County Sheriff's Office, received a phone call from an informant by the name of Antonio Vallejo, Jr. Vallejo informed Elizardi that Guadalupe Lopez, a guard at the Cameron County jail, had approached him with a request to obtain marijuana. Vallejo related that Lopez sought to deliver a "paca con mota" (pack of cigarettes with marijuana) to an inmate. Elizardi decided to investigate the matter. He gave Vallejo some marijuana, and Vallejo placed the marijuana in a pack of cigarettes. Elizardi then

1

marked the pack by placing a small line under the word "Cigarettes."

Elizardi later received word from Vallejo that the marijuana delivery would take place at 9:00 p.m. at the county jail. Elizardi arrived at the jail along with Deputy Saenz. Elizardi instructed Vallejo to make the transaction with Lopez. At 9:45 p.m., Elizardi observed Vallejo approach Lopez. Vallejo handed Lopez an object which Lopez placed in his shirt pocket. Lopez then walked inside the jail. Elizardi and Saenz followed Lopez inside. When Lopez saw Elizardi and Saenz, he walked in the opposite direction and dropped something into a trash can. The discarded object turned out to be the pack of cigarettes containing the marijuana. When Elizardi and Saenz confronted Lopez with the evidence, Lopez signed a confession.

Lopez was subsequently fired and forced to face criminal charges. Lopez claimed that Elizardi used a known felon to "set up plaintiff as an unwitting courier of marijuana." Plaintiff's Amended Complaint at ¶ 14. Lopez asserted that he was innocently handed a pack of cigarettes to deliver to an inmate in the Cameron County Jail. He claimed that he discarded the pack of cigarettes not because he was trying to evade Elizardi, but because the delivery of cigarettes constituted a violation of jail rules and state law. After a trial by jury, Lopez was found innocent. Lopez, in his First Amended Original Complaint, pled a substantive due process cause of action to be free from gross and outrageous governmental conduct and governmental abuse, and pled a state cause of action for intentional infliction of emotional distress.

## STANDARD OF PROOF

Summary judgment is appropriate when the pleadings and the evidence show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986); *Melton v. Teachers Ins.*

2

*& Annuity Assoc. of Am.*, 114 F.3d 557, 559 (5th Cir. 1997). The applicable substantive law identifies those facts that are material and only disputes about those facts will preclude the granting of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is a genuine issue of fact if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *See Society of Fin. Examiners v. Nat'l Ass'n of Certified Fraud Examiners, Inc.*, 41 F.3d 223, 226 (5th Cir. 1995).

The moving party bears the initial burden of showing that there is no genuine issue of fact for trial. *See National Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 712 (5th Cir. 1994). Where the nonmoving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its summary judgment burden by showing an absence of evidence in support of the nonmoving party's case. *See Celotex*, 477 U.S. at 325. Once a properly supported motion for summary judgment is presented, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See Elliott v. Lynn*, 38 F.3d 188, 190 (5th Cir. 1994) (*citing Anderson*, 477 U.S. at 249). All reasonable doubts and inferences must be decided in the light most favorable to the party opposing the motion. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). Nonetheless, it takes more than "some metaphysical doubt as to the material facts" to satisfy this burden. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). The nonmoving party cannot avoid summary judgment with only conclusory allegations or unsubstantiated assertions. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990); *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## OFFICIAL CAPACITY

The individual defendants move to dismiss Lopez's claims against them in their official capacity as redundant because, they claim, Lopez has also sued Cameron County. As several courts have noted, "it is now well established that suits against a municipal officer in their official capacity are indistinguishable from suits against the municipality." *Doe v. Rains Indep. Sch. Dist.*, 865 F.Supp. 375, 378 (E.D. Tex.1994); *Hinds v. Slagel*, 2001 WL 548906 (N.D. Tex.2001). In any case in which a defendant government official is sued in his individual and official capacity, and the city or state is also sued, there potentially exists an overlapping cause of action. *See Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 484-85 (5th Cir.2000). The official capacity claims and the claims against the governmental entity essentially merge. *See id.* Official capacity claims are unnecessary in cases where the governmental entity has also been sued, since all of the claims involve identical issues and the entity will indemnify the officials in the event of a judgment against them. *See Doe*, 865 F.Supp. at 378; *Hinds*, 2001 WL 548906 at *1. Lopez's official capacity claims against Perez, Elizardi, and Vallejo are redundant of their action against Cameron County. Not only are the disputed issues requiring resolution in conjunction with the official capacity claims the same as those that must be resolved in Lopez's action against Cameron County, but the county also presumably will be required to pay any judgment entered against the individual defendants. Accordingly, Lopez's claims against the individual defendants in their official capacities are dismissed.

## FOURTEENTH AMENDMENT DUE PROCESS CLAIMS

Lopez contends that the investigatory techniques which the government allegedly employed

4

to obtain evidence against him (accepting the declarations of a convicted felon and using the informant to transport marijuana to Lopez) were so outrageous as to transcend due process limits of fundamental fairness. The outrageous government conduct theory focuses specifically on government misconduct during the investigatory stages of criminal proceedings. It recognizes that "the conduct of law enforcement authorities" during an investigation may be "sufficiently offensive" so as to offend due process. *Hampton v. United States*, 425 U.S. 484, 497, 96 S.Ct. 1646, 497, 48 L.Ed.2d 113 (1976) (Brennan, J., dissenting); *Id.* at 495 & 495 n. 7, 96 S.Ct. at 1652 & 1653 n. 7 (Powell, J., concurring); *see also United States v. Russell*, 411 U.S. 423, 431-432, 93 S.Ct. 1637, 1642-1643, 36 L.Ed.2d 366 (1973); *United States v. Arteaga*, 807 F.2d 424, 426-427 (5th Cir.1986); *United States v. Arthur Thomas Nixon*, 777 F.2d 958, 963-964 (5th Cir.1985); *United States v. Nations*, 764 F.2d 1073, 1077 (5th Cir.1985); *United States v. Yater*, 756 F.2d 1058, 1065 (5th Cir.), *cert. denied*, 474 U.S. 901, 106 S.Ct. 225, 88 L.Ed.2d 226 (1985).

Outrageous governmental conduct is a question of law and is resolved by the court, not the jury. *See Russell*, 411 U.S. at 431-32, 93 S.Ct. 1637, 36 L.Ed.2d 366; *United States v. Henderson-Durand*, 985 F.2d 970, 973 n. 4 (8th Cir.1993). Precedent indicates that the government's conduct here does not rise to the level of "outrageousness" needed to prove a due process violation. *See United States v. Pardue*, 983 F.2d 843, 847 (8th Cir.1993). The government's conduct must "shock the conscience of the court." *Id.*; *see also Russell*, 411 U.S. at 431-32, 93 S.Ct. 1637. It is not outrageous for the government to infiltrate an ongoing criminal enterprise, or to induce a defendant to repeat, continue, or even expand previous criminal activity. *See United States v. Mosley*, 965 F.2d 906, 911 (10th Cir.1992). In inducing a suspect to repeat or expand his criminal activity, it is permissible for the government to suggest the illegal activity, provide supplies and

5

expertise, and act as both a supplier and buyer of illegal goods." *Id.* The mere use of confidential informants is insufficient to establish outrageous government conduct. *See United States v. Wiley*, 794 F.2d 514, 516 (9th Cir.1986) (rejecting outrageous government conduct claim where informant had recruited defendant to smuggle drugs into prison). Under these circumstances, providing the drugs for the transaction did not constitute government misconduct either. *See United States v. Lomas*, 706 F.2d 886, 890 (9th Cir.1983), *cert. denied*, 464 U.S. 1047, 104 S.Ct. 720, 79 L.Ed.2d 182 (1984); *see also United States v. So*, 755 F.2d 1350, 1354 (9th Cir.1985) (providing funds and opportunity to launder money). Lopez's Fourteenth Amendment substantive due process claim is dismissed.

## INTENTIONAL TORTS – STATE LAW CLAIMS

The doctrine of sovereign immunity provides that a party may not bring a suit for monetary relief against the state in the absence of the state's consent. *See Duhart v. State*, 610 S.W.2d 740 (Tex. 1980); *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1976). Generally, municipalities are immune from suit except to the extent immunity is waived under the Texas Tort Claims Act. *See City of Hempstead v. Kmiec*, 902 S.W.2d 118, 121-22 (Tex.App.--Houston [1st Dist.] 1995, no writ) (citing cases). The Texas Tort Claims Act waives immunity for claims against a municipality for damages arising from its governmental functions, including police protection and control. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.0215 (Vernon 1997). The waiver of immunity, however, does not apply to a "claim arising out of assault, battery, false imprisonment, or any other intentional tort." TEX.CIV.PRAC. & REM.CODE ANN. § 101.057 (Vernon 1997).

Defendant's state law claims all derive from the alleged improper intentional torts of the defendants. Accordingly, Cameron County enjoys immunity from suit because the limited waiver

of immunity in the Texas Tort Claims Act does not apply where the claim arises out of an intentional tort. *See City of Hempstead*, 902 S.W.2d at 122; *City of Waco v. Hester*, 805 S.W.2d 807, 810, 812 (Tex.App.--Waco 1990, writ denied); *City of San Antonio v. Dunn*, 796 S.W.2d 258 (Tex.App.--San Antonio 1990, writ denied). Furthermore, a suit against public employees in their official capacity is treated as a suit against the state. *See City of Lancaster v. Chambers*, 883 S.W.2d 650 (Tex.1994); *Esparza v. Diaz*, 802 S.W.2d 772, 778 (Tex.App.-- Houston [14th Dist.] 1990, no writ). To the extent that Lopez brings claims against the individual defendants in their official capacity, therefore, those claims are also barred by immunity for the reasons discussed above.

Lopez has also failed to established a claim against the individual defendants in their individual capacity. A government official acting in good faith and within the scope of his employment while performing a discretionary function enjoys qualified immunity from suit. *See e.g., City of Lancaster v. Chambers*, 883 S.W.2d 650 (Tex.1994); *Dent v. City of Dallas*, 729 S.W.2d 114 (Tex.App.--Dallas 1986, writ ref'd n.r.e.), *cert. denied*, 485 U.S. 977, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988). Other than his bald assertion that the defendants violated the law, Lopez has provided neither factual nor evidentiary support for any of his claims. Specifically, he failed to provide specific facts challenging the defendants' summary judgment evidence that Elizardi was acting in good faith during Lopez's arrest. *See* Elizardi Aff. In light of the Court's finding that defendants did not violate Lopez's Fourteenth Amendment rights, and in light of the uncontroverted summary judgment evidence that Elizardi acted in good faith and within the scope of his discretionary duties, Lopez's claims cannot survive summary judgment. Accordingly, defendants' motion for summary judgment on this ground must be granted.

7

## TORT CLAIMS ACT NOTICE

Further, Plaintiff cannot recover under the Texas Tort Claims Act for failure to give proper notice pursuant to the Texas Tort Claims Act. *See* TEX.CIV.PRAC. & REM .CODE ANN. § 101.101 (Vernon 1997). Pursuant to the Tort Claims Act, a governmental unit is entitled to receive notice of a claim against it not later than six months after the day that the incident giving rise to the claim occurred. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.101(a). The notice must reasonably describe: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident. *See id.* Compliance with the notice requirement of section 101.101 is a jurisdictional prerequisite to a waiver of sovereign immunity under the Act. *See State Dep't of Highways & Pub. Transp. v. Dopyera*, 834 S.W.2d 50, 54 (Tex.1992).

It is undisputed that Lopez failed to provide the county with written notice of his claim. However, the formal notice requirements do not apply if the governmental unit has actual notice that the claimant has received some injury. *See id.* at § 101.101(c). Thus, in order to recover, Lopez must show the county had actual notice of its potential liability. Actual notice is accomplished when the governmental unit has knowledge of the injury, its alleged or possible fault producing or contributing to the injury, and the identity of the person injured. *See Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995).

The notice requirement of section 101.101 of the Act is defined in terms of the date of the injury. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.101. The alleged injury to Lopez occurred on or about May 11, 1993, the day Elizardi arrested him. Lopez argues that Cameron County had notice that an incident occurred. However, the County never receive any notice, formal or actual, of its potential liability until Lopez initiated the present action on May 9, 1995. Mere notice that an

incident has occurred is not enough to establish actual notice for purposes of the Texas Tort Claims Act. *See Putthoff v. Ancrum*, 934 S.W.2d 164, 173 (Tex.App.--Fort Worth 1996, writ denied). Because Lopez did not comply with the notice provision of the Texas Tort Claims Act, his claim is barred.

## SUPERVISOR LIABILITY

Defendants assert that Sheriff Perez cannot be held liable based on the facts of this case. Lopez's sole allegation with respect to Perez is that he did not properly supervise Elizardi nor properly train Elizardi to engage in investigative procedures. Plaintiff's Amended Complaint at ¶ 17. However, in assessing an individual supervisor's liability under § 1983, this circuit applies the *City of Canton* standard of municipal liability. *See Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453 (5th Cir.1994)(en banc). Under this standard, a supervisor is liable under § 1983 only if (1) his conduct directly causes a constitutional violation or (2) the plaintiffs can show that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Id.* at 454 n. 8. *(citing City of Canton*, 489 U.S. 378, 388 n. 8, 109 S.Ct. 1197, 1204 n. 8, 103 L.Ed.2d 412 (1989)). Because this Court has found no violation of a constitutional nature *(see infra)*, Sheriff Perz is entitled to summary judgment on Lopez's claims against him.

## CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment (Docket No. 37) pursuant to Fed. R. Civ. P. 56(c) be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 30th day of July, 2001.

                                              John Wm. Black
                                            United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# -BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| GUADALUPE LOPEZ, | § | |
| Plaintiff, | § § § | |
| VS. | § § | |
| CAMERON COUNTY, TEXAS; ALEX PEREZ, individually and in his official capacity as Sheriff; JOE ELIZARDI, individually and in his official capacity as Chief Jailer; and, ANTONIO VALLEJO, individually and in his official capacity as a paid informant, | § § § § § § § § § § | CIVIL ACTION NO. B-95-069 |
| Defendants. | § § | |

## ORDER

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a *de novo* review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of July 30, 2001 should be **ADOPTED**.

IT IS ORDERED that Defendants' Motion for Summary Judgment (Docket No. 37) be **GRANTED** and that plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**

DONE in Brownsville, Texas, on this _____ day of _____, 2001.

_____
Filemon B. Vela
United States District Court Judge